CHITTENDEN,
*January*,
1840.

ROLLA GLEASON *v.* NAHUM PECK & OTHERS.

*Audita Querela* is a judicial writ, and the parties to the judgment and execution sought to be vacated, or their legal representatives, must be made parties to such writ.

THE complainant, in his declaration, alleged, in substance, that one Amos B. Cooper, 2d, absconded from the county of Chittenden, in May, 1832; that he was largely indebted to different individuals; that, immediately after his leaving the country, his property was attached on sundry writs, by the complainant, who was then a deputy sheriff of said county, and, among the articles so attached, was a cooking stove; that the defendants, Scofield and Amber, as the complainant believed, caused the defendant, Peck, an attorney, to bring a suit, in the name of said Cooper, against the complainant, for taking said stove; that, at the March term of Chittenden county court, 1836, a judgment was recovered in said suit in favor of said Cooper and against the complainant, for $28,79 damages and $43,09 costs; that a writ of execution issued on said judgment against the complainant, and was delivered to one Harmon Toby, a deputy sheriff, for collection; that, as the complainant believed, the said Cooper died at Quebec, Lower Canada, in the year 1832, and that on the 15th of July, 1836, the probate court for the district of Chittenden, granted letters of administration of the estate of said Cooper to one William P. Briggs; that, on the 17th of July, 1836, the complainant settled said judgment and execution with the said administrator and took from him a discharge thereof and presented said discharge to said Toby, who then had said execution for collection; that said Toby appeared satisfied with said discharge and delivered the execution to said Peck, the attorney who brought the suit; that, afterwards, the defendants caused an alias execution to be issued on said judgment, and delivered it to said Toby, then a deputy sheriff, for collection, and that the complainant was in danger of being committed to jail on said last mentioned execution. Plea, not guilty. Issue to the court.

Upon the trial in the county court, the complainant introduced, as evidence, the executions and letters of administra-

tion mentioned in the declaration and written discharge from said Briggs, as administrator of said Cooper, of said judgment and alias execution, dated July 17, 1836. The complainant also introduced testimony tending to prove that the suit, in favor of said Cooper against the complainant, mentioned in the declaration, was brought by the defendant, Peck, and that said Peck caused the alias execution to be issued against the complainant, but there was no evidence tending to connect Scofield and Ambler with the attempt to enforce the collection of the execution, after the date of the discharge given by said Briggs.

The county court decided that, from this evidence, this action could not be maintained against either of the defendants, to which decision the complainant excepted.

*Wm. P. Briggs*, for complainant.

The writ of *audita querela* is in the nature of a bill in equity to be relieved against the oppression of the defendant, and is of a most remedial nature, and seems to have been invented, lest in any case there should be an oppressive defect of justice. 3 *Bl. Comm.* 404, 405.

This is an equitable action, but it applies not where the party has any other remedy. 6 *Dane's Dig.* 317, and authorities there cited—and the writ is of common right. 5 *Taun. R.* 558.

It will probably be admitted that the declaration in this case shows sufficient *gravamen*, and the case shows that the plaintiff has been sufficiently aggrieved to demand that the writ of execution, complained of, should be set aside, and he be relieved from the double payment of the judgment.

If it be objected that this writ varies from the record, that fact cannot be taken advantage of here, but should have been pleaded in abatement. *F. N. B.* 238, 239, *old Ed.* 104. 6 *Dane's Dig.* 319.

The issue taken was upon the letter of administration and upon the discharge, and the facts found for the plaintiff in accordance with the allegations in his declaration, and therefore the judgment should be for him. 1 Bac. Abr. 634, 635. Cro. Car. 153.

*Hyde & Peck* for defendant.

1. An *audita querela* is not a writ of right, but a judicial

CHITTENDEN,
January,
1840.

Gleason
v.
Peck et al.

writ founded on the record and issued only at the discretion of the co rt rendering the judgment sought to be vacated. If it prevail, it operates directly upon the the original judgment or execution, which thereby becomes vacated and annulled. Hence it can be brought only against the party to such judgment, at least it cannot be maintained without joining the party to the record. 1 Bac. Abr. 307—309. 2 Saund. 148, note.

2. In this proceeding all the defendants in the original record must be made plaintiffs, because they are privy to the judgment. Cro. Car. 443, 5 Vt. R. 124. This shows the proceeding to be not in the nature of an action of tort as to the question of parties, but in the nature of a writ of error or *scire facias*, and may be termed a *scire facias* not to *revive* but to *vacate* a judgment or execution. It may be said damages may be recovered in this action. The answer is, no damages can be had unless the judgment or execution be vacated, which is the principal purpose of the writ, damages being only an incident, like damages in debt or ejectment.

3. The manifest wrong, in allowing a judgment to be annulled without making the original plaintiff a party to the proceeding, is sufficient to determine this case. It would be contrary to all analogy and against the first principles of justice. If not in form, yet in substance, it is rendering judgment against a man without any notice or opportunity to defend, as it so completely annuls the original judgment that it can never be revived, and opens a door for fraudulent collusion. Even in chancery all must be made parties who may be affected by the decree.

4. Even the temporary delay pending the suit might be a sacrifice of the debt. The statute provides that bail shall be given for intervening damages. This bail is to the defendant in the *audita querela*, and unless the plaintiff in the original judgment is made defendant he never could avail himself of the recognizance, being a stranger to the record ; nor could the present defendants recover beyond the costs of this suit, for as to them the loss of the debt in which they have no interest would not be " intervening damages," but *damnum absque injuria.*

The opinion of the court was delivered by

COLLAMER, J.—*Audita querela* is a judicial writ. Former-

ly it was issued only in discretion, but afterwards was sued out of chancery; but must always be to the court having the record.   Its purpose is to set aside a judgment or execution, and therefore, like *scire facias*, error, *certiorari* and all other judicial writs, it must be between the parties to the former proceeding.   Here neither of the defendants in this suit was a party to the judgment or execution; and, of course, no judgment could be rendered to operate on the judgment or execution, and therefore no damages which, by our statute, are incident to such judgment, could be given.

It is said the action could not have been against the administrator, as he was in no fault.   That is not true.   If the administrator undertook to take charge of, and receive pay on the judgment, it was his duty to control the execution and his neglect of this was a fault, and for this fault, and in conformity with law, he, as the legal representative of the creditor in the execution, was the proper person to have been pursued by the present plaintiff; or application should have been made to the court to supersede and set aside the execution as improperly issued.

It is insisted that the county court did wrong in rendering judgment for all the defendants, when the facts alleged in the complaint were fully proved, at least, against one of the defendants.   Had the issue been to the jury, the verdict must have been against such defendant, and then, on motion in arrest, judgment would have been arrested.   But as the issue was to the court, who do not render a verdict, and as no motion in arrest was made, and as any judgment for the plaintiff would have been erroneous, for want of any proper party defendant, there seems to have been no other course left to the court but to render judgment for all the defendants.

Judgment affirmed.