### ANDREW WARNER v. THADDEUS CRANE.

The county court have no jurisdiction of a writ of *audita querela*, which is brought to vacate, or in any way affect, a judgment rendered by the supreme court.

If the object of the *audita querela* be to recover damages for the wrongful act of the defendant, and the defendant die while the suit is pending, and commissioners be appointed on his estate, the suit must be discontinued, and the claim for damages be presented before the commissioners.

AUDITA QUERELA. The complaint alleged that the defendant brought his action against the complainant for a default, as constable, in not taking sufficient bail on a writ put into his hands by the defendant, and that, when the case was on trial in the county court, the complainant insisting that a part of the judgment, recovered by the defendant in the original suit, had been paid by the defendants in that suit, and ought therefore to be deducted from the damages to be assessed against the complainant, the defendant conceded that it was so, and the court rendered judgment in favor of the defend_ant, directing the clerk, in making up the damages, to make the proper deduction for such payments. The clerk entered the amount of damages on the docket accordingly. The case was carried by the complainant, on exceptions, to the Supreme Court, where the judgment of the county court was affirmed, and the same amount of damages, with the additional interest, was there entered on the clerk's docket. The complaint further alleged that the defendant, after the adjournment of the court, persuaded the clerk that such deduction had been agreed to by him under a mistake, and induced him to alter the docket entry, and issue execution for the whole amount of the original judgment in the action in which the insufficient bail was taken.

While this complaint was pending in court, the defendant died, and the administrator, having been cited in by the complainant, entered, and filed a motion to dismiss the action on the ground that it was one which did not survive against him.

The court dismissed the action, and the complainant excepted.

*J. Maeck* for complainant.

1. The court erred in dismissing the action. The statute of this State, (Rev. St. 269, §§ 10, 12) which declares what actions shall survive, is a remedial one, demanded by the plainest principles of justice.

2. We insist that, under that statute, all causes of action survive against an estate, except perhaps injuries to the personal reputation of another. Stat. 4 Edw. 3, c. 7. Arch. 52. 1 Chit. Pl. 59, 60, 61. 7 East 134–6. Latch 167. *Snyder et al* v. *Croy,* 2 Johns· 227. *Towle* v. *Lovett,* 6 Mass. 394. *Berwick* v. *Andrews,* Ld˙ Raym. 973. Com. Dig., Administration B. 13, and cases cited. Cro. Car. 297. 1 Salk. 12. Wentworth's Ex'r. 164. 4 Mod. 403. 12 Mod. 71. *Paine* v. *Ulmer,* 7 Mass. 317. 1 Salk. 314. 1 Ventr. 30. 1 Sid. 88, 407. *Palgrave* v. *Windham,* Str. 212.

But the present case is not strictly a suit for the recovery of damages, but is rather in the nature of a motion addressed to the court, and they, under the English practice, could have provided the remedy, without recurrence to this process.

*Smalley* and *Peck* for administrator.

1. By the common law no action for an injury to the person or property of another, founded on any *misfeasance,* or *malfeasance,* survived, either in favor of, or against, an executor, or administrator,—the rule being, that, in all actions arising *ex delicto,* or in which the plea is *not guilty,* the action dies with the person. 1 Saund. 216, n. 1. *Hambly* v. *Trott,* Cowp. 375.

In order to bring a case within the statute 4 Edw. III, c. 7, the authorities show that it is necessary that the *tort* complained of should be an injury to some specific property in being ; it is not sufficient that it should be injurious, or lessen the estate generally, as by compelling the testator to pay money, or incur expense. *Kain et al.* v. *Ostrander,* 8 Johns. 207.

Our statute is, in terms, the same as the English statute, as construed by the courts, and is to receive the same construction. The words "trespass, and trespass on the case for injuries done to real and personal estate," must be confined to injuries to some *specific property ;* otherwise actions of slander, assault and battery, and oth-

er actions of the like character, would survive, provided special damages be laid, showing that the estate had been consequently lessened.

2.   The facts set forth in the declaration are not such as will sustain *audita querela.*  The remedy should be by motion.

. 3.   The county court have not jurisdiction to vacate a judgment, or execution, of the Supreme Court, on *audita querela.*

The opinion of the court was delivered by

WILLIAMS, Ch. J.   In this case, Warner, the complainant, has brought a writ of *audita querela* to be relieved from a judgment recovered by Thaddeus Crane, in his life time, against the complainant, Warner.   The error complained of, and for which relief was sought in the *audita querela,* was that the clerk entered a judgment against the said Warner, and in favor of the said Crane, for a larger sum than he was entitled to.   The judgment was affirmed in the supreme court in this county, and the execution issued from this court.   This writ of *audita querela* was brought against Crane, in his life time, before the county court, and, while it was there pending, Crane deceased, and his estate was represented insolvent.   His administrator, Green, was cited in to appear at the county court, and, at their term in May, 1843, moved to dismiss the writ and complaint for the reasons set forth in his motion.   On this motion the county court dismissed the complaint, to which Warner, the complainant, filed exceptions; and the question now is, whether the county court rightly dismissed the same.

The object of this *audita querela* is both to be relieved from the judgment complained of, and to recover damages.   The county court had no jurisdiction to effect either of these objects.

The judgment was rendered in the supreme court; and, although it is true that original jurisdiction of all civil actions is given by statute to the county court, yet this cannot extend to judicial writs, which, from their nature, must issue from the court where the record of the judgment remains on which it is designed to operate. Hence a *scire facias,* either on a judgment or recognizance, or against the person who has become bail on a writ, must issue from the court where the final judgment is rendered.   An *audita querela* is a judicial

11

writ, and was so declared to be in the case of *Gleason* v. *Peck et al.*, 12 Vt. 56. At common law it was usually granted at the discretion of the court. As our court is not always in session, the statute has confided this discretion to a single judge. When the object of the writ is to vacate a judgment or execution, it must, from the character of the writ, issue from the court where the judgment was rendered. The judgments of the supreme court are not to be vacated by any inferior tribunal; nor are their executions to be stayed at the discretion of a judge of the county court. The county court had no jurisdiction of the present complaint.

On the other question presented, viz., whether an *audita querela* can, in any case, be sustained against an executor or administrator, it is not necessary for us to determine. There may be cases where, unless the suit could be sustained by, or against an executor or administrator, there would be a failure of justice. In the present case it may be remarked that, if the object of the complainant was to recover damages of Crane, the intestate, if such claim survived, the jurisdiction over it is, by statute, transferred to the commissioners appointed to receive, examine, and adjust the claims against his estate. Commissioners on estates represented insolvent are empowered to try and decide upon all claims, without distinction, which by law survive against, or in favor of executors or administrators, except claims for the possession of real estate. And, when commissioners are appointed, no action, except, as before mentioned, in relation to the possession of real estate, can be commenced or sustained.

In the present case, as one object of the writ was to operate on a judgment of the supreme court, it could only be had before that court;—the other object, viz., to recover damages, in consequence of the death of Crane could only be obtained before the commissioners appointed on his estate. The judgment of the county court is therefore affirmed.