Ross and ROWELL, JJ., did not sit.

JONATHAN ROSS *v.* JOEL SHURTLEFF AND OTHERS.

[IN CHANCERY.]

*Equitable Mortgage. Court has jurisdiction to foreclose. Multifariousness. Joinder of Defendants. Levy of Execution. Judicial Notice. Recognizance for Review.*
Audita Querela.

1. The Court of Chancery has jurisdiction to foreclose a mortgage in whatever form it may exist,—as an equitable mortgage.
2. Objection for multifariousness must be made by demurrer.
3. F. was properly joined as defendant, as the bill alleges that he had joined in bringing *audita querela* to vacate the levy of an execution, under which the orator claims title ; and this allegation is not denied by the answer.
4. A fact charged to be within the knowledge of the defendant, and the answer silent as to it, taken as admitted.
5. The levy of an execution, correct, except by mistake it described the judgment as rendered by the County Court when it was rendered by the Supreme Court, is not void.
6. The levy of an execution, claimed to be void for uncertainty, " on one undivided 12956-21900th part'' of an equity of redemption, " Subject to the Burke levy '' is held valid.
7. The levy was made in 1869 ; *audita querela* brought to set it aside in 1877 ; if there was any error it was cured by statute, R. L. ss. 1596, 1598.
8. An execution (levied on real estate) bears interest by statute, R. L. s. 1547.
9. A deputy sheriff, ho'ding an original execution at the time he was removed from office, may levy on real estate an alias afterwards issued in the same suit, R. L. s. 860.

10. A writ of *audita querela* brought in the County Court to vacate a record in the Supreme Court was improperly issued.

11. The memorandum made by the justice of the recognizance for review was as follows : " The plaintiff as principal and —— as surety recognized to the defendant in the sum of $275.50 as the law requires for the said Cole's right of a trial of the case at any time within two years from the date of this judgment." The court think this is sufficient ; but if not, the defendants cannot take advantage of the error.

HEARD on bill, answers, replication and evidence, June Term, 1881, Caledonia County, POWERS, Chancellor.   Decree *pro forma* for the defendants.   The bill set forth in substance that :

A deed of defeasance from Freeman Capron to Joel Shurtleff, September 27, 1867, of certain premises in Walden, conditioned for the payment, among other things, of Shurtleff's promissory note of that date for $50, with interest annually, which note the orator now owns, and avers that the same is unpaid ; the conveyance of the premises by Shurtleff and other intermediate owners to those now claiming to own them ; the recovery of a judgment by *O. S. Burke* v. *Shurtleff*, and a set-off of a portion of the equity of redemption of said premises on an execution issued on the judgment ; the failure of Shurtleff to redeem ; and the conveyance by Burke of his interest to one of the defendants ; the recovery of a judgment by Harvey Cole against Joel Shurtleff ; the issue of various executions on said judgment, and a set-off, the last one by C. F. Weeks, deputy sheriff, on the same, December 27, 1869, of $\frac{12956}{21900}$ undivided part of the equity of redemption of said premises, which execution, (being made on a County Court blank by clerical error), read as though the judgment was recovered before the *County*, instead of the Supreme, Court, but describes the judgment otherwise correctly, and the term of the court as held when only by law a term of the Supreme Court could be held, and the failure of Shurtleff to redeem ; the subsequent recovery of a judgment by the orator against Cole, the due issuing of an execution thereon and of the set-off thereon of the same interest in the premises which had been set off to Cole ; the failure of Cole to redeem, and that said portion of the equity of redemption of the premises had become vested in the orator ; that the orator was Cole's attorney in his suit against Shurtleff ; that Cole had paid him nothing for his services or disbursements, and that the orator should be paid out of the avails of his judgment and set-off against Shurtleff ; that Shurtleff conveyed the premises by deed of warranty to defendant Farrar, who also conveyed them by deed of warranty ; that Dr. J. S. Durant

sued Shurtleff and summoned Farrar as his trustee, claiming to hold him for a part of the unpaid purchase money of said premises ; that Farrar defended on the ground that the levy in favor of Cole was an incumbrance on the premises, and obtained a discharge in the Supreme Court on that ground; and then in the name and with the consent of Shurtleff, or jointly with Shurtleff, brought a writ of *audita querela* to the June Term of Caledonia County Court, 1877, against Cole, who had previously fled the country, to have Cole's execution and set-off against Shurtleff vacated and set aside, because the execution describes the judgment as recovered before the " County " instead of the " Supreme " Court, and because they claim that the officer's return on the execution is false, in that it states that Shurtleff agreed with the officer upon the appraisers. The bill avers that Shurtleff and Farrar cannot contradict the officer's return if untrue, but that the same is true ; that they knew of the defects now complained of when they maintained that the set-off was valid in the Durant suit, and ought in equity to be estopped from asserting them ; that the *audita querela* was not properly served upon Cole, and whether properly served or not, that the County Court had no jurisdiction of the same ; that the same was brought to affect the orator's title to the premises, knowing that Cole was out of the country and would not defend, and that the orator could not appear in that suit ; and that the Statute of Limitation in equity had run upon the right of Shurtleff to maintain the writ of *audita querela.*

The bill prays for a foreclosure of the equitable mortgage in favor of the orator ; for an apportionment of the same between the orator and the other defendants according to these respective interests in the mortgage premises ; for a partition of the premises between the orator and the other defendants ; for an accounting of the rents and profits ; and for an injunction of the suit of *audita querela.* The bill was confessed by all the defendants except Shurtleff and Farrar who answered separately, and claimed as stated in the opinion of the court.

### RETURN ON EXECUTION.

" I extended and levied this execution on one undivided 12956-21900th part of a certain piece of land with appurtenances thereof, situate and being in Walden, containing about two acres of land, more or less, and bounded as follows : A part of lot No. 2 in great lot No. thirty-four, and lot No. 1, in great lot No. thirty-four, meaning to convey the saw mill and yard, and also a strip of land on the west side of the brook or outlet of the pond, commencing three rods west of the corner of the saw mill, running northerly to the west end of the dam. Also a piece of land on the east side of said brook two rods in width from the dam, southerly to the road, on said brook ten rods in width, running down said brook fifteen

rods, meaning to convey the same land and premises deeded to Nathan Chamberlin by Peter B. Laird, the 12th day of December, A. D. 1860, together with the same privileges and reservations, the proper estate of the said Joel Shurtleff in fee, on which said estate there is a mortgage to Freeman Capron to secure one hundred and fourteen dollars. Also an execution in favor of O. S. Burke against Joel Shurtleff of $31.89, which I have this day levied on said estate, and said parties mutually chose Chas. A. Kittredge, Marshall Jackson and Abial Shurtleff, three judicious and disinterested freeholders of the vicinity in the same town in which said estate lies, to appraise the same, which said appraisers after being duly sworn by me agreeably to law, did then and there ascertain and state the sum due on said mortgage to said Freeman Capron to be one hundred and fourteen dollars ; also an execution in favor of O. S. Burke against Joel Shurtleff to be thirty-one dollars and eighty-nine cents, which has been this day levied on said estate, did on view of the estate above described, appraise one undivived 12956-21900th part of said estate, subject to said mortgage as above stated, and subject to said execution as above described, at the sum of one hundred and twenty-nine dollars and fifty-six cents, as its first and true value in money to satisfy this execution with all fees as stated is the bill hereunto annexed, and I have set out the said undivided 12956-21900th part of said estate, so by them appraised in full satisfaction of this execution and of the fees aforesaid, by the same metes and bounds which are mentioned in the above description thereof."

The memorandum of the recognizance for review in the justice suit of *Ross* v. *Cole*, was :

" The plaintiff as principal and Walter C. Smith as surety recognized to the defendant in the sum of $275.50 as the law requires for the said Harvey Cole's right of a trial of the case at any time within two years from the date of this judgment."

*H. C. Bates* and *H. C. Ide*, for the orator.

*M. Montgomery* and *J. A. Wing*, for the defendants.

The opinion of the court was delivered by

TAFT, J. The orator seeks to foreclose a mortgage upon land in Walden. The mortgage was by deed of defeasance conditioned for the payment of a note now held by him. He claims to own an undivided interest in the equity of redemption, and asks by the bill to have partition made ; the defendants, his co-tenants, to account for the rents and profits for the time they have been in possession, and a suit of *audita querela* brought to vacate a levy, under which he claims, perpetually enjoined.

The defendants make several objections to a decree for the orator.

I. That he has a remedy at law, and equity no jurisdiction. The foreclosure of a mortgage, in whatever form it may exist, and this is a bill praying for one, is a proper matter for the cognizance of a Court of Chancery.

II. That the bill is multifarious. If such is the fact the objection was made too late. It should have been interposed by demurrer. *Wade* v. *Pulsifer*, 54 Vt. 45.

III. That Farrar was improperly joined as party defendant. The bill alleges that Farrar joined in bringing a suit of *audita querela* to vacate the levy of an execution, under which the orator claims title to a portion of the premises in question, and asks to have the suit enjoined. If the suit is maintained it is apparent that the title of the orator fails. Farrar does not deny in his answer that he did so join in instituting the proceedings, but insists that he ought not to be made a party to this suit, as the bill does not show that he has any interest in the *audita querela* proceedings. There is a direct allegation in the bill that he joined in bringing the suit, and it was the duty of the defendant Farrar to answer it directly; it was peculiarly within his knowledge. His answer is silent as to the fact; and the rule in such a case is that where the bill charges a fact to be within the knowledge of the defendant, or which may fairly be presumed to be so, if the answer is silent as to the fact, it will be taken as admitted. 1 Dan. Ch. Pl. & Pr. (4th Am. Ed.) 837, n. 4. He, having brought the proceedings or caused them to have been instituted, is a necessary party to this suit which is brought to have them enjoined.

IV. Five objections are made to the validity of the orator's rights under the levy of execution in the case of *Cole* v. *Shurtleff*.

1. That the execution describes the judgment as rendered by the County Court when it was in fact a judgment of the Supreme Court;

2. That no appraisers were appointed to appraise the property ;

3. That the levy was void for uncertainty ;

4. That it was void because the mortgage was misdescribed;

5. That the portion of the premises set off was described as being subject to the Burke levy.

The clerk in issuing the execution described the judgment as rendered by the County Court, when in fact it was a judgment of the Supreme Court. We think the error a clerical one. It was *obviously* an error. The names of the parties and the damages and costs were stated correctly ; the execution was formal in all respects ; it was signed by the proper authority ; and it was stated in it that it was recovered at a time *when only the Supreme Court could have been in session, a fact of which judical notice must be taken.* Just what the correction should be is apparent from the instrument itself ; it furnishes the data for its own rectification. It being merely a misprision of the clerk, the levy was valid in itself. Upon the evidence the court find that Shurtleff agreed upon the appraisers and the amount due upon the mortgage, and that the amount was correctly stated ; no question can now be made upon either point. *Durant* v. *Shurtleff, supra.* We do not think there was any uncertainty about the levy. The statute governing levies was substantially complied with, and although the officer states that it was made subject to the Burke levy no injury could possibly result from such statement, and it was apparent that all that the debtor would be called upon to pay was the mortgage encumbrance, and the error, if any, was cured by the provisions of our statutes relating to defective levies. R. L. ss. 1596, 1598. The Burke levy was the set-off of an undivided portion of the equity, and making the Cole levy subject to the Burke levy means no more than that the officer did not attempt to set off to Cole any of the undivided parts that he had already set off to Burke.

V. The question so elaborately argued that the executions were not entitled to interest, and therefore the levies under them void, is governed by R. L. s. 1547, which provides for the collection of interest on final process.

Ross *v.* Shurtleff.

VI. The officer who made the levy of the orator's execution against Cole held an original execution in his hands at the time he was removed from office. We think that under s. 860, R. L., he could complete the service of it, and also of any alias issued in the same suit. He himself obtained the aliases in order to finish the business he had in his hands at the time his deputation as sheriff was revoked. We think it clearly within the spirit and letter of the statute to permit him to do so.

VII. The defendants further object to the orator's levy for the reason that the recognizance taken before the execution issued, was defective. The memorandum of the justice made upon the writ states that it was taken "and the surety recognized as the law requires." The sum in which it was taken was correctly stated. The memorandum shows what it was for; intelligibly expresses the object of its being taken, and the name of the recognizor was stated. If there is any defect in the minute made by the justice, it was undoubtedly supplied by him when he made up the record. There is no evidence before us of the record, only a copy of the original writ and the minutes of the justice made upon it. We think it sufficient. 10 Vt. 525; 11 Vt. 590; 13 Vt. 639. That the defendants cannot take advantage of such an error, see *Essex Mining Co.* v. *Bullard*, 43 Vt. 238.

VIII. The *audita querela* was brought in the County Court; the record sought to be vacated is in the Supreme Court. The writ was improperly issued. *Warner* v. *Crane*, 16 Vt. 79.

The *pro forma* decree of the chancellor is reversed and cause remanded, with a mandate that a decree be entered for the orator, in accordance with the prayer of the bill, with costs.

REDFIELD, J., did not sit.