State *v.* E. H. White.

---

## STATE *v.* E. H. WHITE.

*Information may be amended.    Intoxication.*

1.  At common law the body of an indictment cannot be amended, but an information may be even after plea filed.

2.  The common law is in force in this State in that respect, notwithstanding that our statutes couple indictments with informations in permitting certain amendments.

3.  In order that a person may be convicted of intoxication it is not necessary that he should drink the liquor for the purpose of becoming intoxicated.

Information for being found intoxicated. Plea, not guilty. Trial by jury at the April term, 1891, Thompson, J., presiding. Verdict, guilty. Exceptions by the respondent.

The case appears in the opinion.

*V. A. Bullard*, for the respondent.

At common law the information was insufficient. *McLane* v. *State*, 4 Ga. 335 ; *Hatwood* v. *State*, 18 Ind. 492.

The court could not allow the amendment since it was one of substance. R. L. s. 3857; Bl. Com. Bk. 4, 306 ; Arch. Cr. Pl., 11, 14; 1 Bish. Cr. Law, s. 389.

*J. E. Cushman*, State's Attorney, for the State.

A motion to dismiss is addressed to the discretion of the County Court, and the action of that court is not revisable here.

*Commonwealth* v. *Eastman*, 1 Cush. 189; *Commonwealth* v. *Ryan,* 9 Gray 137; 1 Whart. Cr. Law, s. 519.

Informations are amendable. *State* v. *Murphy*, 55 Vt. 547.

The charge as to the intention of the respondent in becoming intoxicated was correct. *State* v. *Hopkins*, 56 Vt. 250, 260.

The opinion of the court was delivered by

ROWELL, J. After plea pleaded and jury sworn, the prisoner moved to dismiss the information, for that the time alleged therein as the day of the intoxication complained of was more than thirty days before the information was exhibited in court. Thirty days is the period of limitation for prosecuting the offence. The court overruled the motion and allowed the State to amend the information by changing the allegation of time from the 15th of April to the 30th of May, a time within the statutory period, and the day of the commission of the offence; and the question is, whether that amendment was allowable. We have not considered whether the amendment was necessary nor whether it was authorized by statute, but only whether it was authorized by the common law. No claim is made that it was out of time, but only that the court had no power to make it.

That the body of indictments cannot be amended at common law, is beyond doubt. *Ex Parte Bain*, 121 U. S. 1, and cases there cited. But there is a great difference between amending indictments and amending informations, and the reason is this, as stated by Lord *Mansfield* in the great case of *Rex* v. *Wilkes*, 4 Bur. at page 2569: " Indictments are found upon the oaths of a jury, and ought to be amended only by themselves; but informations are as declarations in the King's suit. An officer of the Crown has the right of framing them originally, and may, with leave, amend in like manner as any plaintiff may do." In that case the prisoner, having been convicted by a jury of having printed and published a seditious and scandalous libel, was brought

up before the King's Bench on a motion for a new trial on account of amendments made in the body of the information on which he was tried. The amendments were made at Lord *Mansfield's* chambers after a plea of not guilty, and after the record was made up and sealed and the case ready for trial; and they consisted in changing the allegations that the libel contained matter " to the purport," etc., to allegations that it contained matter " to the tenor," etc. Numberless precedents were produced from the time of Queen *Elizabeth*, and all through the reigns of James II. and Charles II., and many side-bar rules, which showed that it was of course, because, it was said, if not of course, it would have been moved in court, as everything not of course is. Mr. *Justice Willes* said the amendments were justified by an uninterrupted series of precedents from the time of William III. at least. Lord *Mansfield* said that whether it was necessary to amend or not he gave no opinion nor formed any. In *The King* v. *Harris*, 1 Salk. 47, motion was made to amend an information of perjury, and opposed, because the defendant had pleaded. Holt, C. J., said: " As to mending after plea pleaded, there is no great matter in that. After a record has been sealed up I have known it amended, even just as it was going to be tried." Sir *Bartholomew Shower* moved to amend an formation of forgery in ten places, and though opposed the motion was granted by the King's Bench because it did not alter the fact, and that without costs or imparlance. *Anonymous* 1 Salk. 50. In *Rex* v. *Nixon*, 1 Stra. 185, the court refused to quash an information on motion that had been exhibited by rule of court, *Eyre*, J., observing that such informations are amendable. *Rex* v. *Charlesworth*, 2 Stra. 871, was an information for forging a warrant of attorney to acknowledge satisfaction upon a judgment of Easter Term. After issue joined, the record appearing to be of Hilary Term, the information was amended without costs (the prosecutor having been admitted a pauper) and without giving the defendant leave to plead *de novo;* and *Regina* v. *Simmonds*, Hil. 10 Anne, was cited, where the

title of an act set forth in an indictment was amended. Mr. Justice Yates says in *Rex* v. *Wilkes* that *Rex* v. *Charlesworth* is a very strong case, for without the amendment. the defendant must have been acquitted. He also referred to *The King* v. *Goffe*, 1 Lev. 189, where it was moved to amend an information of perjury; and it was ruled that notice should be given to the defendant of the things to be amended, and he to show cause why it should not be amended, for, the court said, " it might be amended." In *The Queen* v. *Norton*, Fortes. 232, the court agreed that it is a general rule to amend informations at any time, even just before trial. Mr. *Chitty* says that informations, being the mere assertion of the officer who files them, may be amended at any time before trial, and that a mistake therein may be rectified either when a demurrer is actually put in or when it is expected, or after the defendant has pleaded in abatement; and that these alterations may be very extensive and material, even to the striking out or the addition of new counts, and that the defendant will not always be allowed to plead *de novo*. 1 Chit. Crim. Law, [868]. And in *Attorney General* v. *Henderson*, 3 Anstruther, 714, on inquiry the practice was found to be that the Attorney General could at any time amend an information as of course, and therefore the court granted a motion to amend the information by adding another count.

We are not unmindful of our statutes of amendment, which couple informations and indictments as though they stand alike at common law in respect to amendments, and one of which allows amendments " except as to matters of substance," from which language some implication arises that the amendment of informations as to such matters is prohibited. But these statutes are remedial, passed with a view of obviating defects in the existing law, and of giving courts power to amend criminal pleadings where none was supposed to exist before; hence they are to be construed so as to effectuate their purpose, and as not tak- :

ing away a common-law power unless such is their manifest intention, which we think it is not, and that the common-law power of amending informations remains in full force notwithstanding the statutes.

There was no error in refusing to charge that respondent's intoxication must have been produced by liquor drank with the intent of becoming and being found intoxicated, nor in the charge as given on that subject.    *State* v. *Hopkins*, 56 Vt. 250, 260.

*Exceptions not sustained, judgment on verdict, sentence passed, and execution thereof ordered.*