## STATE v. CHARLES J. SUTTON.

### CHITTENDEN COUNTY, 1893.

Before:  Ross, Ch. J., Taft, Rowell and Munson, JJ.

*Amendment in criminal proceedings.  Matters of form.
State's Attorney.*

1.  Under R. L. s. 3,857, the appellate court has the same power
    in criminal proceedings to grant amendments in matters of
    form that the court below would have had.

2.  The allegation of a prior conviction for the keeping of intoxi-
    cating liquor stated that it was had at a term of the Chit-
    tenden county court held on the first Tuesday of Septem-
    ber.  The record offered showed that this term was begun
    on the third Tuesday of September.  Thereupon the State's
    attorney was permitted to amend his information to agree
    with the record.  *Held* no error for

(*a*).  It was not certain that there was a variance without any
    amendment since the statute fixes the time of holding the
    September term of the Chittenden county court, and the
    error in writing first Tuesday for third Tuesday was a mere
    clerical one.

(*b*).  If there were, it was mere matter of form which might be
    amended even in an indictment.

(*c*).  And although it were a matter of substance the State's at-
    torney might amend his information in the appellate court.

Complaint by the State's attorney to the city court of Bur-
lington, charging the respondent with keeping intoxicating
liquor with intent to sell, which came by appeal from that
court to the county court, where it was tried upon a plea of
not guilty at the September term, 1892, Thompson, J., presid-
ing.  Verdict, guilty.  Sentence upon the verdict and excep-
tions by the respondent.  The opinion states the case.

*J. J. Enright, Henry Ballard* and *W. L. Burnap* for the respondent.

*J. E. Cushman*, State's attorney, for the State.

The opinion of the court was delivered by

ROSS, CH. J. This was a complaint of the State's attorney to the city court of Burlington, charging the respondent with owning, possessing and keeping intoxicating liquors with intent to sell, furnish or give away the same contrary to law, and that the respondent had been convicted for a like offence at a term of the county court begun and holden at Burlington in this county, on the first Tuesday of September, A. D. 1889. When the record of conviction was offered in evidence it showed that the term of the court at which it was had was holden on the *third* instead of the *first* Tuesday of September, A. D. 1889. The county court allowed the State's attorney, against the exception of the respondent, to amend his complaint so as to correspond with the record. This is the only exception now relied upon. The respondent contends that whatever the right of the city court may have been to allow the State's attorney to amend his complaint, no such right existed in the county court where the suit was pending on appeal. R. L. 3,857 answers this contention, in that it gives the same right to amend such complaints to the appellate court, as exists in the court of original jurisdiction. It confers the right to amend all such complaints, in whichever jurisdiction pending, "except as to matters of substance." The substance of the complaint is the owning, possessing and keeping intoxicating liquors, with intent to sell, etc., contrary to law, and that the respondent had once before been convicted for a like offense. In setting out the conviction it was necessary to notify the respondent of the court in which the alleged prior conviction was had, and of the term of the court. This is correctly done,

except the wrong Tuesday of September for holding the term is named. The statute prescribes the Tuesday of September on which the term is to be held. The recital of the *first* instead of *third*, as fixed by statute, is a patent clerical error, or misprison of the draughtsman, which could not have mislead the respondent, or put him at a disadvantage on the trial. The facts stated in the complaint and the statute made the needed correction of the clerical error. The record, when produced, properly certified, was conclusive evidence which the respondent could not controvert. Under *Ross* v. *Shurtleff*, 55 Vt. 177, it cannot be held there was a legal variance between the allegation in the complaint and the record. If one, it was descriptive of the term of the court or time of holding it at most and the amendment was authorized, even if in an indictment under R. L. 3,857.

But the complaint of the State's attorney, whether in the court of original or appellate jurisdiction, so long as the prosecution is controlled by him, may be amended in substance. *State* v. *White*, 64 Vt. 372. Such amendment, made by him in the appellate court, is made under the sanction of his oath of office. It stands differently in this respect from an amendment of an indictment of the grand jury. They are not present in court. An amendment to their indictment cannot have the sanction of their oath and united judgment. The State's attorney might have been allowed to *nolle prosequi* his original complaint even in the appellate court and there file an information for the same offence. But such information would no more have the sanction of his oath of office than the original complaint and his amendment thereto. This would be a needless change, as it would secure to the respondent no rights nor is he put at legal disadvantage in respect to his proof by the allowance of such amendment.

*Judgment: there was no error in the proceedings, the exception is not sustained, and execution of the sentence is ordered.*