## STATE *vs.* CHARLES S. HUBBARD.

### January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

### Opinion filed June 5, 1899.

*Information Amended by Insertion of Date.*—An information charging the respondent with owning, keeping and possessing intoxicating liquor with intent to sell, furnish and give away the same without authority of law, in which the time of committing the offence is alleged as "on the       day of      A. D. 1898," may be amended by inserting the date relied upon.

*Information May Be Amended even in Substance.*—It is no objection that the allowance of the amendment is in effect making a new information, for even at common law informations are amendable in substance, even to the striking out or the addition of counts.

INFORMATION. Trial by jury, at the September term, 1898, Washington county, *Start,* J., presiding, Verdict, guilty. The respondent excepted.

*John G. Wing* for the respondent.

The court, so far as informations are concerned, having held that the same may be amended in substance notwithstanding V. S. 4542, should be confined to common law rules in determining the right to amend; and V. S. 1911 does not apply.

*Richard A. Hoar,* State's Attorney, for the State.

WATSON, J. An information was filed against the respondent charging him with owning, keeping, and possessing intoxicating liquor with intent to sell, furnish, and give away the same, without authority of law, in which the time of committing the offense was alleged as "on the day of      A. D. 1898." Upon motion of the State, the court allowed the information to be amended by inserting,

in said blank spaces, the date, claimed to be that of the alleged owning, keeping, etc., to which respondent excepted.

It is contended on behalf of the respondent that the allowance of this amendment was, in effect, making a new information and therefore improper.

Assuming the respondent's contentions, as to the effect of this amendment, to be sound, it can avail him nothing, for, at common law, informations were amendable in substance, even to the striking out or the addition of new counts. *State* v. *White*, 64 Vt. 372.

> *Judgment that there is no error in the proceedings of the county court, and that the respondent take nothing by his exceptions. Let sentence be imposed and execution done.*