A. J. LEWIS, *Plaintiff in Error,* v. JAMES A. RUSSELL, *De-fendant in Error.*

The failure of the clerk of the Circuit Court, who under the con-stitution is also clerk of the county court, to add the words "county clerk" after his signature in issuing an execution from the county court does not render the execution absolutely void because of the provision of section 1574 of the Revised Stat-utes which requires that the "clerk of the county court shall sign all papers required to be signed pertaining to said county court as 'county clerk'", when he signed the execution as "clerk" and affixed the seal of the county court thereto.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court of Brevard county.

The facts of the case are stated in the opinion of the court.

*Geo. M. Robbins* for plaintiff in error.

*Massey & Warlow* (with whom was *M. Goldsmith* on the brief) for defendant in error.

WHITFIELD, J.—This is an action of ejectment brought by A. J. Lewis against James A. Russell in the Circuit Court for Brevard county to recover certain lands in Brevard county, Florida. The cause was, under stipulations of counsel, referred to and tried before a referee. There was judgment for the defendant and the plaintiff took writ of error to the June term, A. D. 1903, of this court.

There is in the transcript an ordinary bill of exceptions, but no evidentiary bill of exceptions, or other equivalent authentication that the transcript contains all the evidence offered before the referee. In the ordinary bill of ex-ceptions it is shown that at the trial before the referee the plaintiff offered in evidence: (1) A certified copy of the judgment of the County Court of Brevard county in the

case of *R. L. Brown v. James A. Russell,* amount of judgment $57.33, costs $6.91.

(2) The original execution issued in said case and the sheriff's returns therein, which execution and returns are as follows:

"The State of Florida,

To all and every the Sheriffs of said State, Greeting:

We command you, that of the goods and chattels, lands and tenements of J. A. Russell you cause to be made the sum of fifty-seven dollars and 33 cents, which Robert L. Brown lately, on the 16th day of February, 1898, recovered in our court for the county of Brevard, as well as for damages which        ha        sustained by the non-performance of certain promises and assumptions by the said James A. Russell to the said Robert L. Brown lately made, as the sum of 6 dollars and 91 cents, which to the said Robert L. Brown was in the same court adjudged for costs by him in that behalf expended, together with lawful interest on said damages from the rendition of said judgment till paid, and the cost of this writ and your proceeding hereon, and that you have the said sum of money before the judge of our said court, at Titusville, when satisfied to render the said Robert L. Brown the sums aforesaid, and have then and there this writ.

(Seal of     Witness A. A. Stewart, Clerk of the
County       Court, this the 19th day of July, A. D. 1898.
Court                         A. A. STEWART, *Clerk."*
Brevard
County,
Fla.)

(ENDORSED.)

"No. 103. In County Court, Brevard county, R. L. Brown v. J. A. Russell, Execution. Judgment rendered Feby. 16th, 1898. Damages $57.33, costs $6.91. A. J. Lewis, Plffs. Atty."

"Received this execution July 29th, 1898, and executed the same October 5th, 1898, under protest by defendant's

attorney, by levying on and selling the following described property, to-wit: Lots 3 and 14 according to the report of commissioners of partition in the case of *J. R. Davis et al. v. D. Y. Russell et al.* and the plat thereto attached, which is a part of said report filed and recorded July 6th, 1896, in Chancery Order Book 2, page 224, etc., Brevard County Records, all being in section 28, township 34 South, Range 40 east, Brevard county, Florida, containing 46½ acres more or less, the same having been levied upon as the property of James A. Russell.

JOSEPH P. BROWN, *Sheriff Brevard Co."*

"I further return that the property was bid in by A. J. Lewis, for the sum of $30.00, he being the highest and best bidder. Sold Oct. 5, 1898.

JOSEPH P. BROWN, *Sheriff."*

The defendant objected to the introduction of the execution in evidence on the ground that it was void because it was not signed by A. A. Stewart as "County Clerk." The objection was sustained by the referee and the execution excluded, to which ruling the plaintiff excepted and this constitutes the first error assigned here.

The bill of exceptions shows that the referee held that "the execution offered in evidence is absolutely void, and confers no authority on the sheriff to sell the lands in question." The point thus presented for decision is whether or not the failure of the clerk to affix the words "county clerk" after his signature to the execution renders it absolutely void.

Under the provisions of section 15, article V of the constitution, there is a clerk of the Circuit Court in every county in this State. In Brevard county, where no Criminal Court of Record has been established, and where a county court was organized by chapter 3933, laws of Florida, approved May 18, 1889, the clerk of the Circuit Court in that county, the constitution, in section 15 of article V, declares, "shall also be clerk of the County Court." It is not contended that A. A. Stewart was not the clerk of the Circuit

Court, nor that under the constitution he was not also clerk of the County Court of Brevard county when this execution was issued; nor is it contended that he did not in fact issue the execution as such clerk of the County Court, and affix the seal of the County Court thereto. The execution, as transcribed in the record here, is signed "A. A. Stewart, Clerk," and has the usual place opposite the name of the clerk the words "Seal of the County Court, Brevard county, Fla." contained within a scroll, which is taken to mean that a seal with those words was impressed on the original execution as is the usual practice. The clerk of a court is the custodian of the seal of the court, and it is his duty to affix it to all writs issued from the court. Section 2 of chapter 3933, laws of Florida, approved May 18, 1889, organizing a county court for Brevard county, provides that "The said court shall be a court of record, with a seal to be prescribed and furnished by the county commissioners of said county, and shall be designated as "the County Court of Brevard county, Florida."

The failure of a clerk of the Circuit Court, who, under the constitution, "shall also be clerk of the County Court," to add the words "county clerk" after his signature in issuing an execution from the County Court does not render the execution absolutely void because of the provision of section 1574 of the Revised Statutes, which requires that the *"clerk of the County Court* shall sign all papers required to be signed pertaining to said county court as 'county clerk,'" when he did sign the execution as "clerk" (*Stevenson v. McLean,* 5 Humph. 332; *Sams v. King,* 18 Fla. 557, text 572), and when the execution has the seal of the County Court of the county affixed thereto. *Touchard v. Crow,* 20 Cal. 150, S. C. 81 Am. Dec. 108; *Ross v. Shurtleff,* 55 Vt. 177. See, also, *Gilmer v. Bird,* 15 Fla. 410. It is true the execution does not show on its face, except by the seal, that it is a writ issued from the County Court, but it does show on the face that it was issued for an amount within the constitutional jurisdiction of the County Court "which

Robert L. Brown lately, on the 16th day of February, 1898, recovered in our court for the county of Brevard, as well as for        damages which        ha        sustained by the non-performance of certain promises and assumption by the said James A. Russell to the said Robert L. Brown." Such defects are amendable and do not render the execution absolutely void. *Adams v. Higgins,* 23 Fla. 13, text 37, 1 South. Rep. 321.

The return of the sheriff endorsed on the execution shows that the sale was made with only a protest from the defendant's attorney, and no effort to set the execution aside is shown. The execution is also endorsed: "No. 103 in County Court Brevard county."

The execution is not absolutely void because of the failure of the clerk to add the words "county clerk" after his signature to the execution as stated in the objection to its introduction in evidence and it was error to exclude it on that ground.

The judgment is reversed and a new trial granted at the cost of defendant in error.

HOCKER, SHACKLEFORD, COCKRELL and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.