## GEORGE T. CHAFFEE, et al., *vs*. RUTLAND RAILROAD COMPANY.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed July 14, 1899.

*V. S. 1148—Declaration May Be Amended even in Supreme Court— Evidence*—The declaration alleged that the defendant so negligently managed its locomotive engine that fire was communicated therefrom to the plaintiffs' property, resulting in the damage sought to be recovered; but did not allege that the engine was faultily constructed or equipped, nor that the defendant had negligently allowed rubbish to accumulate upon its road-bed which aided in the spread of the fire. The defendant objected to all evidence in respect to such matters and to the charge of the court permitting a recovery upon those grounds, but the court having admitted the evidence, the case was fully tried upon both sides, as though such allegations had been made. *Held*, that the testimony was properly admitted as bearing upon the question whether the fire was communicated by the defendant's engine, and that the plaintiffs should be permitted to amend their declaration, even in the supreme court, so that the same might conform to the facts proved, and that upon the declaration as amended the judgment should be affirmed, but without costs in this court.

*Amendment after Judgment.*—Although none of our cases have gone to the extent of permitting an amendment after judgment, the court clearly have that power under V. S. 1148.

*Amendment Will Cure Error, but not Create It.*—The amendment in the present case is permitted in order that the pleadings may conform to the proof, for the purpose of sustaining the judgment, not reversing it.

CASE, for the burning of a barn and contents. Plea, general issue. Trial by jury, March term, 1898, Rutland county, *Start*, J., presiding. Verdict and judgment for the plaintiffs. The defendant excepted.

*W. W. Stickney* and *J. G. Sargent* for the defendant.

No rule is more firmly imbedded in the common law than this, that a party must recover, if at all, *Secundum allegata*

*et probata.* The gist of the defendant's liability was negligence, although the setting of the fire by railroads is in this State *prima-facie* evidence of negligence. V. S. 2926; *Cleveland* v. *Grand Trunk R. R. Co.*, 42 Vt. 449; *Railroad Co.* v. *Richardson*, 91 U. S. 454. In most jurisdictions negligence may be averred somewhat generally; but the courts seem to hold with one accord that a party cannot charge negligence in one respect and recover for negligence in another and entirely different respect. *Mayor* v. *Humphries*, 1 C. & P. 251; *Miller* v. *Railroad Co.*, 76 Iowa 318; *Pierce* v. *Railroad Co.*, 72 Mo. 414; *Railroad Co.* v. *McLain*, 148 Ind. 188.

*George E. Lawrence* and *Butler & Moloney* for the plaintiffs.

TAFT, C. J. This action is brought to recover damages for the destruction of the plaintiffs' property by fire communicated by the defendant's engine. It is alleged in the declaration that the defendant so carelessly, negligently and imprudently managed its engine, that the plaintiffs' property was destroyed by fire communicated therefrom. There is no allegation that the defendant's engine was not properly equipped with suitable spark arresters and ash-pans, nor that the defendant permitted dry grass, weeds etc. to accumulate on its road-bed. The defendant objected to the proof of such facts, that is, that the engine was not equipped with suitable spark arresters and ash-pans and the accumulation of dry grass and weeds on its road-bed, and also to the charge, that if such facts were established, the plaintiffs had a right to recover.

The members of the court are not agreed in respect to the case as shown by the record but concur in holding that if the declaration had contained the allegations of negligence in the construction or condition of the engine in the respects named, and in the accumulation of dry grass and weeds, there was no error in the admission of the testimony nor in

the charge of the court.  The question arises whether this court will permit such an amendment to be now made after judgment.  The cause was fully tried as though such allegations were in the declaration.  It is expressly stated in the exceptions that both parties gave testimony pro and con upon the questions of the defective spark arrester and ash-pan, and the accumulation of dry grass and weeds. Such testimony was admissible upon the question of whether the fire was communicated to the plaintiffs' property by the defendant's engine.  It is apparent from the exceptions that the questions were fully litigated.  The course of the trial was the same as if the allegations had not been omitted and an amendment of the declaration will present no new issue nor require any different proof. V. S. 1148 authorizes a court at any time to permit either of the parties to amend a defect in the pleadings upon such conditions as the court prescribes.  In *Bates* v. *Cilley*, 47 Vt. 1, an amendment was permitted after verdict and before judgment and also in *Kimball* v. *Ladd*, 42 Vt. 747, and see many cases therein cited.  At common law the court had power to allow an amendment of the pleadings in any case until final judgment and after motion in arrest of judgment. Amendments after trial are allowed in order to conform the pleading to the facts proved.

None of our cases go to the extent of permitting an amendment after judgment but the court under the statute V. S. 1148, clearly have that power.  All amendments are in the discretion of the court and are allowed or refused as the court may deem most conducive, to the furtherance of justice.  An amendment is not allowed if it introduces a new cause of action.  An amendment in the case before us is only permitted in order that the pleadings may conform to the proof and for the purpose of sustaining the judgment, not reversing it.  1 Ency. Pl. and Prac. 582.  For as said by *Redfield*, C. J., in *Bank* v. *Downer*, 29 Vt. 332, "an amendment will cure error but cannot create it."

The plaintiffs may amend their declaration by filing an amendment alleging the defendant's negligence in the construction or condition of the spark arrester and ash-pan of its engine, and in permitting an accumulation upon its road-bed, of dry grass, weeds, bushes, etc., and when such amendment is made, the

> *Judgment may be affirmed, but without costs in this court.*