LUTHER BAKER et al. *v.* SHERMAN & MILLER.

May Term, 1900. January Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON and WATSON, JJ.

Opinion filed January 23, 1901.

*Practice—Waiver of objection to count*—By pleading to a count and going to trial on the issue a defendant waives his right to object to the count by way of a motion to "strike out" the same.

*Pleading—Facts appearing only upon proof are not available under a motion to "strike out" a count*—The fact that the proof does not support the allegations in a count cannot be taken advantage of by a motion to "strike out" the count.

*Scope of exception to refusal to exclude from judgment damages embraced in a special finding*—An exception to a refusal to exclude from a judgment damages embraced in a special finding only tests the sufficiency of the special finding as a part of the verdict to support the judgment as to those damages.

*Scope of exception to judgment as rendered*—An exception to a judgment as rendered does not save questions not raised by exceptions during the trial and not necessarily decided by the judgment rendered.

*Pleadings—Declaration must allege all facts essential to a right of action*—If a declaration, not helped out by subsequent pleadings, omits to allegè any fact essential to a right of action, and not implied in nor inferable from the facts alleged, a verdict does not. cure the defect.

*Testimony no part of the record on a motion in arrest*—For the purposes of a motion in arrest testimony though incorporated into the bill of exceptions is no part of the record. Only the declaration and subsequent pleadings can be looked into.

*A quit-claim deed implies neither title nor claim of title*—An allegation that one sold and conveyed to another "his interest" in certain land is neither expressly or impliedly an allegation that the seller had or claimed to have any interest to convey. Such allegation is, in effect, that a quit-claim conveyance was made, with respect to which, in the absence of fraudulent representations as to title, *caveat emptor* applies.

*Practice in the Supreme Court—When only an essential allegation may be there supplied by amendment of the declaration*—An amend-

ment supplying an allegation essential to a right of action will not be allowed in the Supreme Court unless it appears that the matter of it was an issue on the trial and was as fully litigated as though it had been raised by the pleadings.  It is not enough that testimony on both sides relating to issues raised by the pleadings also bore upon the issue which would be made by the proposed amendment.

*Chaffee* v. *Rutland R. R. Co.*, 71 Vt. 384 distinguished.

*Practice in the Supreme Court—New trial when declaration is insufficient on motion in arrest—Terms as to costs—*When on motion in arrest a declaration is adjudged insufficient in the Supreme Court that court, instead of arresting judgment, may grant a new trial upon terms as to accrued costs.

*Defendant entitled to costs when judgment is arrested—*When judgment is arrested in the Supreme Court the defendant is entitled to costs in that court and in the court below.

*Costs on arrest of judgment—Posnett* v. *Marble, 62 Vt. 481—*In respect to costs on arrest of judgment the virtual holding of *Posnett v. Marble,* 62 Vt. 481, is approved.  The earlier practice and the dictum in *Whitcomb* v. *Wolcott,* 21 Vt. 377, are disapproved.

CASE for deceit in the sale of land.    Plea, the general issue. Trial by jury, Franklin County, September Term, 1899, *Start,* J., presiding.   Verdict for the plaintiffs.   Judgment on verdict.   The defendants excepted.

*George W. Burleson, Alfred A. Hall* and *Henry A. Burt* for the plaintiffs.

*Young & Young, W. P. Stafford* and *H. E. Rustedt* for the defendants.

ROWELL, J.   This is an action on the case for deceit in the sale of land.   Plea the general issue and trial by jury.   Verdict and judgment for the plaintiffs.

The declaration originally contained but one count, which alleges that the defendants "sold and conveyed to the plaintiffs their interest in" 1305 acres of timber land at such a price.  The fraud alleged is, the knowingly false representation that the entire tract was situated within a natural basin, and bounded on

the east, south, and west by the crest of a certain range of mountains, and that the entire tract situated within said basin and bounds was comprised within said tract of 1305 acres, whereas 200 acres of said last-mentioned tract lay beyond the crest of said range, and 75 acres lying within said basin did not belong to the defendants and was not a part of the tract conveyed.

The new count alleges that the defendants sold and conveyed to the plaintiffs "their interest in" that portion of lot 4 in range 6 in Jay that lies west of the crest of said range, which runs across it, at such another price, and fraudulently represented that said portion contained 55 acres, whereas it contained only about 20 acres.

Neither count alleges that the defendants or either of them had or claimed to have any interest in said land or any part thereof, by possession, color, or otherwise howsoever, nor that the plaintiffs or either of them were induced to believe or did believe that they had.

At the close of the plaintiffs' testimony, and also at the close of the testimony on both sides, the defendants moved to "strike out" the new count, because their deed to the plaintiffs conveyed all their interest in lot 4 therein mentioned, except 45 acres, and therefore conveyed their interest in more than 55 acres, the number declared for, namely, in 62 acres, as it appeared that the whole lot contained 107 acres.

This motion was properly overruled; (1) because by pleading to that count and going to trial on the issue, the defendants waived their right to object to it; and (2) because advantage could not be taken of the claimed fact in that way. It was no more than saying that the proof did not support the count, and that therefore no recovery could be had upon it.

It appears by a special finding that the sum of $295.62 was included in the general verdict as damages "for the difference in the value of land in lot 4, range 6, as conveyed, and

what its value would have been had the quantity been as repre-
sented by the defendants." After verdict and before judg-
ment, the defendants moved that said amount be deducted
from the general verdict and excluded from the judgment,
which motion the court overruled *pro forma,* and the defend-
ants excepted. The motion was based upon the same claim as
the motion to strike out the new count, namely, that the
defendants' deed conveyed their interest in more than 55 acres
of said lot, the number declared for, to wit, in 62 acres.

The plaintiffs claim that the defendants sold and conveyed
to them only their interest in that part of said lot that lies north
or west of the crest of the mountain, and represented that that
part contained 55 acres, whereas it contained less than half
that number; and this is the gist of the new count, and the only
ground on which the plaintiffs sought to recover in respect of
that lot. It is clear from the special finding that the case was
submitted on this point in accordance with the plaintiffs' claim,
and that the $295.62 were given for the shortage in acreage of
that part of the lot. It is no bar to the recovery of damages
for this shortage that the deed conveyed land enough on the
other side of the crest to make it more than up in acres,
although that, if true, might go in reduction of the damages
for the shortage. But the defendants did not put it on that
ground at all, but only on the ground of a bar, and that only
after verdict, and therefore they have no exception that raises
any question concerning the construction of the deed, for their
exception to the judgment as rendered does not reach back of
the special finding and the verdict, to matters not excepted to
during the trial, and which it was not necessary to decide in
order to render a valid judgment, but only tests the sufficiency
of that finding as a part of the verdict to support the judgment
as to those damages; and of its sufficiency for that purpose,

there can be no doubt.  *Farrant* v. *Bates,* 60 Vt. 37; *In re Hall's Est.,* 70 Vt. 458, 465.

The defendants moved in arrest of judgment, for that the declaration does not allege that the defendants or either of them, at the time of the alleged sale and conveyance, or ever, had or owned any right, title, or interest in or to the whole or any part of the land mentioned in the declaration, and that therefore it does not appear thereby that the plaintiffs have suffered any damage.

The plaintiffs claim that the testimony incorporated into the bill of exceptions is a part of the record, and can be looked into on this motion, and that that shows that the defendants did have an interest in the land.  But nothing is better settled than that the testimony is not a part of the record for this purpose, and that on a motion in arrest for insufficiency of the declaration, only the declaration itself, and the subsequent pleadings that may, and sometimes do, help it out, can be looked into.  *Harding* v. *Cragie,* 8 Vt. 501, 508.  The law of the subject is, that if the declaration omits to allege any fact essential to a right of action, and it is not implied in nor inferable from the finding of those that are alleged, a verdict for the plaintiff does not cure the defect.  Thus, in assumpsit, no consideration alleged and verdict for the plaintiff; judgment must be arrested, for finding that defendant promised does not imply a finding of consideration for the promise.  So here, finding that the defendants deceived the plaintiffs as alleged, furnishes no legal intendment that the defendants had an interest in the land, nor that the plaintiffs were damaged by the deceit, for they could not have been damaged by it unless the defendants had an interest, which is not alleged nor implied from the finding of anything that is alleged.  The allegation is that the defendants sold and conveyed to the plaintiffs "their interest" in the land, not the land itself.  It is said that this allegation is

sufficient, for when one sells land to another, ownership is implied and need not be alleged, and that so are the precedents for deceit in the sale of both real and personal estate. But they are so only when the thing itself is sold, not when only the right, title, and interest therein is sold, for in such case, neither in pleading nor elsewhere, does the law imply ownership in land nor in chattels; not in chattels, as shown by *Sherman* v. *Champlain Transportation Co.* 31 Vt. 162, 175, and a note in 62 Am. Dec. 463; not in land, as shown by *Cummings* v. *Dearborn,* 56 Vt. 441. That was an action on covenants of title and warranty in a quitclaim deed; and it was held that the covenants did not enlarge the grant, but were only co-extensive with it, and that if the grantor had no interest in the land, the covenants were of no value. Nor do such covenants in such a deed estop the grantor from asserting an after-acquired title. *Hanrick* v. *Patrick,* 119 U. S. 156, 175.

So the allegation here amounts to no more than that the defendants quitclaimed their interest to the plaintiffs, which implies no title nor claim of title, but means only that the defendants conveyed their interest, whatever it was; and in such a case, in the absence of an allegation of fraudulent representations as to title, *caveat emptor* applies. 8 Am. & Eng. Ency. Law, 2d ed. 53.

It follows, therefore, that the motion in arrest must prevail, unless the plaintiffs are allowed to avoid it by amendment, which they ask leave to do, on the authority of *Chaffee* v. *The Rutland R. R. Co.,* 71 Vt. 384; for they say that the testimony incorporated into the exceptions shows that the defendants' ownership was proved. An amendment of this kind at this stage of a case should be allowed only when it is clear that the matter was an issue on trial, and as fully litigated as though it had been raised by the pleadings; for otherwise great injus-

tice might be done to the defendant by being cast on an issue that he had no notice of and did not come prepared to try.

Now although there was testimony on both sides tending to show claim and representation of ownership by the defendants, yet it came in in connection with, and as a part of, testimony that was directed to the issues made by the pleadings, and does not appear to have been taken note of by either side as raising an issue as to claim and representation of title, which was a matter dehors the pleadings. In *Chaffee* v. *The Railroad Company,* it was apparent from the exceptions that the question was fully litigated, and that the amendment would present no new issue nor require any different proof. That cannot be said in this case, and therefore leave to amend in order to avoid the motion is denied.

*January Term,* 1901. When this opinion was read at the May Term, the court understood that the plaintiffs wanted a new trial on an amended declaration, and so it was announced that judgment would not be arrested, but a new trial granted, as was done in *Posnett* v. *Marble,* 62 Vt. 481. But judgment was not then entered, as the case was held for a consideration of the matter of costs. At the October Term the plaintiffs asked that judgment be arrested instead of a new trial granted, because they said that on arrest of judgment they should not have to pay the defendant's costs, and could commence a new action for the same cause within a year after the determination of this one, under sec. 1214 of the Vt. Statutes.

It is true that before *Posnett* v. *Marble,* it had been the very general practice in this State, when judgment on verdict was arrested, to send the parties out of court without costs, except costs in the Supreme Court, which were allowed in *Dunham* v. *Powers,* 42 Vt. 1. But this court had often deprecated the practice of arresting judgment, and said in *Whitcomb* v. *Wolcott,* 21 Vt. at page 377, that recently in England that prac-

tice is shorn of much of its absurdity by awarding a *venire de novo* when that can be done, and that that is always the true course when judgment is arrested in the course of trials of fact, but that it cannot well be done in a court of error, and that therefore the practice there had been to arrest. But in *Posnett* v. *Marble* it was held on full consideration that a new trial could be granted in a court of error on a motion in arrest, and one was granted in that case, on terms that the plaintiff pay the defendant's costs below up to that time and take none for that time if he finally recovered, and that if a new trial was not wanted on those terms, the plaintiff should become nonsuit.

This was a radical departure from the former practice, both as to not arresting judgment and as to costs on arrest; for a nonsuit, which was substituted for an arrest, ends the case the same as an arrest, and carries full costs, and leaves the plaintiff at liberty to sue again if not barred by lapse of time, as the plaintiff was not in that case. So there it was virtually held that on arrest the recovering party should have costs, not only in the Supreme Court but also in the County Court; and this we think according to the statute, notwithstanding what had theretofore been said about it by this court, for the statute expressly gives costs to the recovering party in both courts, as much in one as in the other, and it is not perceived why the practice was to give costs in the Supreme Court and not in the County Court, nor why the manner of recovery should make any difference; and it is considered that an arrest of judgment in the Supreme Court carries costs in both courts, as much as recovery by abatement or in any other way, for the statute makes no distinction. V. S. 5389.

As to costs on granting a new trial, the rule adopted in *Posnett* v. *Marble* corresponds with the practice of making the plaintiff bear the burden of accrued costs when he is permitted

to file new counts out of time, if he recovers only on those counts.

So the plaintiffs have nothing to gain by arresting judgment instead of granting a new trial. It may be well to say here that we do not hesitate, under our practice, to grant a new trial, although strictly, perhaps, a *venire de novo* could not be awarded as the declaration is wholly bad, so that it cannot be said that the verdict is ill because of misbehavior of the jury, as it is when there are good and bad counts for different causes of action and general damages assessed, which was the case in *Posnett* v. *Marble*.

But we shall not order a nonsuit as the alternative, but an arrest of judgment, lest on nonsuit the cause of action, if any there is, be barred by lapse of time, for which the plaintiffs are not alone to blame, for the defendants might have demurred *in limine*. *Davenport* v. *Newton*, 71 Vt. 11, 26.

*Judgment reversed and new trial granted on terms that plaintiffs pay defendants' costs up to the time of filing new counts, and take none during that time if they finally recover, except for service of the writ and entry of the action. If a new trial is not wanted on these terms, let judgment on the verdict be arrested, with costs to the defendants in this court and the court below. Cause remanded.*