JOHN H. POOLE *v.* MASSACHUSETTS MUTUAL ACCIDENT AS-
SOCIATION.

October Term, 1902.

Present: ROWELL, C. J., MUNSON, START, WATSON, STAFFORD and
HASELTON, JJ.

Opinion filed November 17, 1902.

*Accident insurance—Action on policy—Defenses—Pleas—
Motion to file.*

A defense which must be specially pleaded cannot, without the proper plea, be insisted upon, though it appears from the evidence necessarily introduced.

In an action on an accident policy, under No. 121, Acts of 1896, the defense that the insured did not exercise due diligence for his personal safety and protection as required by the policy, cannot be made available unless specially pleaded.

Permission to file a plea in this Court will only be granted when it is certain that the case has been tried as it would have been if the plea had been in.

GENERAL ASSUMPSIT on an accident insurance policy. Pleas, the general issue and payment. Trial by jury at the June Term, 1901, Caledonia County, *Tyler,* J., presiding.

Judgment for the defendant on verdict ordered.   The plaintiff excepted.

*Harland B. Howe* for the plaintiff.

It was error to order a verdict for the defendant on the ground that the plaintiff was not in the exercise of due diligence.   An injury through violent and accidental means having been proved, the burden was on the defendant to show want of due diligence.   *Freeman* v. *Travellers Ins. Co.,* 144 Mass. 572; *Badenfield* v. *Mass. Acc. Asso.,* 154 Mass. 77; *Keene* v. *N. E. Acc. Asso.,* 161 Mass. 149.

This defense could not be made under the defendant's plea of the general issue.   The provisions in regard to due diligence was one of the conditions and provisos of the policy. *Commonwealth* v. *Hart,* 11 Cush. 130; *Freeman* v. *Travellers Ins. Co., supra; Pedmont Ins. Co.* v. *Ewing,* 92 U. S. 377; No. 121, Acts of 1896.

The Court cannot say, as matter of law, that the plaintiff was not using all due diligence for his personal safety and protection.   *Keene* v. *Association, supra.*

The tender which the defendant made to the plaintiff was in law an admission of the legality of the plaintiff's claim, denying only the amount due, and so with the evidence of tender admitted, the Court was bound to submit to the jury the question of the amount due.   *Woodward* v. *Cutter,* 33 Vt. 49.

It was certainly error to order a verdict for the defendant, because the policy provides that in case the injury is caused by or contributed to by the negligence of the insured the indemnity shall be one-fifth of that named in the policy.   So, conceding that he was not in exercise of due care, the plaintiff would be entitled to recover one-fifth of the indemnity specified.

*Dunnett & Slack* for the defendant.

A stipulation in the policy required the plaintiff to use due diligence for his personal safety and protection; so whatever would constitute contributory negligence in an action of tort may be set up as a defense to the action on this contract. *Sawtelle* v. *Ry. Pass. Assur. Co.*, 15 Blatch. 216; *Tuttle* v. *Ins. Co.*, 134 Mass. 175; *Ins. Co.* v. *Langden*, 60 Arkansas, 381.

The case shows that the plaintiff was not in the exercise of due care, and the Court was right in ordering a verdict for the defendant.   *Smith* v. *Accident Association*, 67 N. W. 990; *Follis* v. *Accident Association*, 62 N. W. 907; *Accident Association* v. *Taylor*, 71 Ill. App. 132; *Bean* v. *Assur. Corp.*, 50 Mo. App. 459; *Cornish* v. *Ins. Co.*, 23 Q. B. 453; *Willard* v. *Association*, 169 Mass. 288; *Worthington* v. *Railroad Co.* 64 Vt. 107.

MUNSON, J.   No. 121, Acts of 1896, provides that in actions brought to recover on a fire, life or accident insurance policy, the general counts in assumpsit shall be a sufficient declaration, and that the plea of non-assumpsit shall put in issue only the execution of the policy and the amount of damages sustained.   This suit is brought upon an accident policy; the declaration consists of general counts adapted to the cause of action; and the pleas are the general issue and payment.   The policy required the insured to use all due diligence for his personal safety and protection, and the defense relied upon was his failure to exercise the diligence so required.   At the close of the plaintiff's evidence the defendant moved for a verdict on the ground that the evidence disclosed no right of action, and a verdict was directed accordingly.

The Act of 1896 was evidently not referred to, and the result was the direction of a verdict upon an issue that was not within the scope of the pleadings.   The Act precluded the de-

fendant from relying on this defense unless specially pleaded, and that which must be specially pleaded cannot be proved nor insisted upon, if it casually appears. The fact that the matters which are claimed to constitute the defense appear from evidence necessarily introduced to make out the case, will not enable the defendant to avail himself of them. The evidence received is to be regarded only as bearing upon the issue joined. *Allen* v. *Parkhurst,* 10 Vt. 557; *Walker* v. *Hitchcock,* 19 Vt. 634; *Briggs* v. *Mason,* 31 Vt. 434.

The defendant's suggestion that it be permitted to file the necessary plea at this time cannot be acted upon. That course can be taken only where it is certain that the case has been tried as it would have been if the plea had been in. If this case had taken the usual course the plaintiff might have offered further evidence in rebuttal. *Chaffee* v. *Rutland R. R. Co.* 71 Vt. 384, 45 Atl. 750; *Baker* v. *Sherman,* 73 Vt. 26, 50 Atl. 633.

*Judgment reversed and cause remanded.*

