## STATE *v.* DON A. BISBEE.

### January Term, 1903.

Present: TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

### Opinion filed May 16, 1903.

*Adultery—Sufficiency of indictment—Motion in arrest.*

An indictment for adultery which fails to allege that the *particeps* was
a married or an unmarried woman is fatally defective.
Such defect is not cured by verdict.

INDICTMENT for adultery. Plea, not guilty. Trial by
jury at the December Term, 1902, Addison County, *Haselton,*
J., presiding. Verdict, guilty. Respondent's motion in ar-
rest of judgment overruled. Judgment on verdict. The re-
spondent excepted.

*Frank L. Fish* and *W. H. Bliss* for the respondent.

The indictment should have charged that the woman was
either married or unmarried. *State* v. *Searle,* 56 Vt. 516.

The indictment does not charge that the *particeps* was a
woman. *Crawford* v. *Slye,* 4 Cranch, 457; *LaMotte* v. *Archer,*
4 E. D. S. (N. Y.) 46; 21 Enc. Law, 312.

The omission of the word "feloniously" is fatal. 1 Bish.
Crim. Pro., 534; Heard's Cr. Pl., 153; 10 Enc. Pl. & Pr., 492;
Arkansas, Delaware, Kentucky, Mississippi, Missouri, North
Carolina, Pennsylvania, Texas, Virginia, and West Virginia
uphold this rule. Tennessee and New Hampshire alone refuse
to recognize it.

*James B. Donoway,* State's Attorney, for the State.

The indictment sets forth all the necessary elements of the crime. *State* v. *Northfield,* 13 Vt. 565; *State* v. *Rowell,* 70 Vt. 411; *United States* v. *Cruikshank,* 96 U. S. 542.

The omission to allege that the *particeps* was a woman was cured by the verdict. Bish. Crim. Pro., s. 707 a; *State* v. *Freeman,* 63 Vt. 496; *Dobson* v. *Campbell,* 1 Summ. (U. S.) 326.

It was not necessary to charge that the *particeps* was either married or unmarried. It is sufficient if one of the parties is a married person. *State* v. *Hutchinson,* 36 Me. 261; *Commonwealth* v. *Reardon,* 6 Cush. 78.

WATSON, J. The respondent was tried and convicted of the crime of adultery. After verdict and before judgment, he moved in arrest of judgment for that, among other things, the indictment contains no allegations showing whether the *particeps criminis* was or was not an unmarried woman. Upon an exception to the overruling of this motion, the case is here.

To be guilty of the crime of adultery, under the provisions of V. S. 5055, a man must have sexual connection with a married woman other than his wife; and to constitute the crime under V. S. 5056, a married man must have sexual connection with an unmarried woman. The indictment is without any allegation that the *particeps criminis* was a married woman, hence it is insufficient under the former section; nor is it sufficient under the latter section, for it does not allege that she is an unmarried woman. This has been so held on demurrer to an indictment where the statutory provisions in these respects were the same as those contained in the sections above named. *State* v. *Searle,* 56 Vt. 516.

The indictment omits to allege an essential and material fact to constitute a crime under either section of the statute,

and it is not implied in nor inferable from the finding of the facts alleged, whether the alleged *particeps criminis* was a married or an unmarried woman. Hence it cannot be said that the jury must have found that she was either, rather than the other; therefore the defect is not cured by the verdict. *Baker* v. *Sherman,* 73 Vt. 26, 50 Atl. 633.

*Judgment reversed, judgment arrested, all the proceedings are set aside, and judgment that the respondent be acquitted.*