## HILL v. NELMS, sheriff.

1. The legal effect of a judgment sustaining a motion in arrest of judgment, based upon the ground that the indictment was defective, is that the indictment was void.

2. When the accused in a criminal case makes a motion in arrest of judgment upon the ground that the indictment is defective, and this motion is sustained, he will not thereafter be heard to allege that the indictment was in fact good, and that he was in jeopardy thereunder ; and this is true without reference to whether the indictment was in fact good or bad in substance.

Argued March 20, — Decided March 24, 1905.

Habeas corpus. Before Judge Reid. City court of Atlanta. December 17, 1904.

*S. C. Crane*, for plaintiff.

*C. D. Hill*, solicitor-general, for defendant.

COBB, J. Hill was indicted, in the superior court of Fulton county, for bigamy. Having been convicted, he made a motion in arrest of judgment, upon the ground that the indictment showed upon its face that the offense was barred by the statute of limitations. This motion was sustained, and the judge, at the request of the solicitor-general, directed the sheriff to hold the accused in custody until a new indictment could be preferred. The accused then applied to the judge of the city court of Atlanta for the writ of habeas corpus which was issued, and at the hearing judgment was entered denying the application and remanding the accused to the custody of the sheriff. The accused excepted.

It does not appear whether it was the purpose of the solicitor-general to prefer a new indictment charging the offense at a different date within the statute of limitations, or one charging the offense at the same date, with allegations sufficient to relieve the bar of the statute. No question was made as to the right of the

judge to direct the sheriff, by a verbal order, to hold the accused until a new indictment could be preferred. The sole contention of counsel for the plaintiff in error was that the effect of the judgment sustaining the motion in arrest of judgment was to relieve the accused from further prosecution for the same offense under the indictment upon which the judgment was arrested, or upon any other indictment.

Judgment will not be arrested in a criminal case merely because the indictment is defective. The defect must be of such a character as to render the indictment void. A verdict of acquittal upon a void indictment is no bar to a subsequent prosecution under a valid indictment charging an offense growing out of the same transaction as that involved in the void indictment. *Simmons* v. *State*, 106 *Ga.* 355; *Black* v. *State*, 36 *Ga.* 447 (3). The legal effect of a judgment arresting the judgment on an indictment is that the indictment is void. When the accused in a criminal case, after conviction, invokes and obtains a judgment arresting the judgment on the ground that the indictment was defective, he will not thereafter be heard to allege that the indictment was in fact good; and it is immaterial, in a subsequent trial of an indictment charging an offense growing out of the same transaction, whether the indictment upon which the judgment was arrested was good or bad. So far as the rights of the accused are concerned, it was a bad indictment, for he has invoked and obtained a solemn judgment of the court to that effect, and will not be allowed to impeach it. As was said in *Brown* v. *State*, 109 *Ga.* 570, where an accusation was quashed on demurrer: "Whether the first accusation was good or bad is immaterial. The accused obtained a ruling that it was bad, accepted the benefit of that ruling, and he will not be allowed to bring in question the propriety of a ruling which he himself invoked." See also *Conley* v. *State*, 85 *Ga.* 348 (1); *Howard* v. *State*, 115 *Ga.* 245 (4); *Quattlebaum* v. *State*, 119 *Ga.* 433 (2). The ruling which the accused obtained on his motion in arrest of judgment had the effect to relieve him from the penalty which would have followed the verdict rendered on the indictment, and the legal effect of the ruling was that he was never in jeopardy; and he will not now be heard to say that he was. No sufficient reason has been shown for reversing the judgment.

　　　　　　*Judgment affirmed. All the Justices concur.*