STATE *v.* EDWARD EATON.

January Term 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed February 27, 1918.

*Adultery—G. L. 7005, 7006—Sufficiency of Information—Motion
    in Arrest.*

The word "adultery" as used in G. L. 7005, which fixes the penalty
    for the offence, means the crime as defined by G. L. 7006, and not
    the crime at common law.

In an information charging a male respondent with adultery with a
    person named, the fact that the *particeps criminis* is a woman not
    his wife is implied, because respondent could not commit adultery
    with his wife, nor with a person not a woman.

An information charging a married man, having a lawful wife living,
    with adultery, need not allege whether or not the *particeps criminis*
    is married or single.

As against a motion in arrest, argumentative allegations in an informa-
    tion are sufficient.

An information is aided by a verdict of guilty, as against a motion in
    arrest, as to all facts implied from those expressly alleged therein,
    which it was necessary for the State to show in order to obtain a
    conviction.

*State v. Searle*, 56 Vt. 516, distinguished, and *State v. Bisbee*, 75 Vt. 293,
    disregarded.

INFORMATION FOR ADULTERY. Plea, not guilty. Trial by jury
at the Special June Term, 1917, Windsor County, *Stanton, J.*,
presiding. Verdict guilty. After verdict and before judgment,
respondent moved in arrest of judgment, for that the information
was fatally defective in that it failed to allege whether the *par-
ticeps criminis* was married or single, or, in fact, that she was a
woman. Motion overruled. Respondent excepted.

The information alleged that respondent "being then and
there a married man, and having a lawful wife then in life, did
carnally know one Rena M. Brittell and with her did commit
adultery contrary to the form, force and effect of the statute in

such case made and provided and against the peace and dignity of the State.''

Ernest E. Moore and Loren R. Pierce for respondent.

William S. Pingree, State's Attorney, for the State.

WATSON, C. J.    After verdict and before judgment, the respondent moved in arrest of judgment, for that the information is fatally defective in not alleging whether or not the *particeps criminis* was married or single, or in fact that the person named was a woman.

The respondent relies upon State v. Bisbee, 75 Vt. 293, 54 Atl. 1081, as an authority in support of the motion.    That case was decided by this Court in 1903, when sections 5055 and 5056 of the Vermont Statutes were in force, and it was stated by the Court in the opinion therein rendered that the indictment in State v. Searle, 56 Vt. 516, was held bad on demurrer where the statutory provisions were the same; and on the strength of that case the Bisbee case was decided, holding the indictment bad on motion in arrest.    V. S. 5055 fixed the penalty, but it did not define the crime.    That was left to the common law.    An examination of the Searle case shows that at the time the offence is there alleged to have been committed, the statute did not make a married man and an unmarried woman, having sexual connection together, guilty of adultery.    They were guilty of a statutory offence punishable ''as is provided in case of adultery.''    Hence the reason why, in charging either adultery or the statutory offence, as the law then stood, the indictment or information must contain allegations essential to the particular crime, as distinguished from the other.    This is according to the holdings in the two cases mentioned.    When the offence charged in the Bisbee case was committed, the statute previously creating the statutory crime, had been so amended as to make a married man and an unmarried woman, having illicit intercourse together, each guilty of adultery, and the statute has hitherto thus remained.    This amendment made an offence adultery, which before was not so; and the effect was to broaden the scope of the crime from its limits at common law, by which it is defined to be sexual intercourse by any man with a married woman not his lawful wife (State v. Bigelow, 88 Vt. 464, 92 Atl. 978, Ann.

Cas. 1917 A, 702), so as to consist of sexual intercourse between a man and a woman, one of whom is lawfully married to a third person, both participants being guilty of that offence. It is in this broader sense that the word "adultery" is now used in the section of the statute fixing the penalty.

It is apparent from what is said in the Bisbee case that in coming to the decision there reached, the Searle case was regarded as controlling, the Court by mistake understanding it was based upon the same statute. By reason of this mistake, the force of the holding in the Bisbee case, as a precedent, is practically negatived, and we so treat it.

Recurring to the information in the present case, it alleges that the respondent, being a married man and having a lawful wife living, "did carnally know one Rena M. Brittell and with her did commit adultery," etc. The words "did carnally know" constitute an express allegation of sexual connection with the person named, and when taken with the words, "and with her did commit adultery," the allegation is complete that the respondent, a married man and having a lawful wife then living, did have sexual intercourse with one Rena M. Brittell, (argumentatively) a woman not his wife. The latter is implied, for he could not commit adultery with his wife, nor with a person not a woman. In *Gorman* v. *Commonwealth,* 124 Pa. 536, 17 Atl. 26, the crime was charged substantially as it is in the information before us: that the respondent, a married man and having a lawful wife alive, did commit the crime of adultery with one E. C., by then and there having carnal knowledge of her body, etc. But there was no allegation that E. C. was not the respondent's wife. It was held that the word "adultery," used in the indictment, necessarily implied that the alleged E. C. was not his wife. See also *Helfrich* v. *Commonwealth,* 33 Pa. St. 68, 75 Am. Dec. 579. It being alleged that the respondent was a married man and having a wife then living, it is not material to the crime, and therefore not material to allege, whether the *particeps criminis* was married or single: for be it either way, the crime committed is adultery under the enlarged sense of that term now given by statute. As against a motion in arrest, argumentative allegations are sufficient. *State* v. *Clark,* 83 Vt. 305, 75 Atl. 534, Ann. Cas. 1912 A, 261.

Moreover, in order to entitle the State to a verdict of conviction, it was necessary for it to show all the facts stated above

as implied from those expressly alleged, and the information is aided by the verdict. *State* v. *Freeman,* 63 Vt. 496, 22 Atl. 621; *Baker* v. *Sherman & Miller,* 73 Vt. 26, 50 Atl. 633; *Benedict* v. *Union Agricultural Society,* 74 Vt. 91, 51 Atl. 110.

*Judgment that there is no error in the proceedings, and that the respondent takes nothing by his exceptions. Let execution be done.*    .