STATE *v.* BRISBANE PALMER.

January Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 11, 1920.

*Criminal Law—Nonsupport—Remarks of Prosecuting Attorney Held Harmless—Exceptions to Overruling Motion for Verdict Waived by Proceeding With Trial—"Wilful" and "Wilfully"—G. L. 3536—Complaint for Nonsupport Failing to Allege "Wilful" Refusal Fatally Defective—Amendment to Complaint Allowed by Supreme Court Without Disturbing Verdict.*

1.  In a prosecution of a husband for nonsupport, a remark by the prosecuting attorney, in arguing the admissibility of certain evidence, that the respondent had gonorrhea, if improper, was harmless where the respondent claimed he had such disease and gave evidence thereof.

2.  In such case, the further remark of the prosecuting attorney that the gonorrhea, which the respondent claimed to have, could have lain dormant for the last four or five years was proper; it being permissible for the State to show that the respondent did not contract the disease from his wife, in view of the in-

ference to be drawn from her cross-examination that he claimed to have contracted it from her.

3. The last remark of the prosecuting attorney was rendered harmless by the State later introducing evidence, without objection, showing the fact to be as stated.

4. The respondent waived his exception to the overruling of his motion for a directed verdict, made at the close of the State's evidence, by proceeding with the trial.

5. The words, "wilful" and "wilfully", when used with reference to violations of the criminal law, mean more than a voluntary act and more than an intentional act which is in fact wrongful, and include the idea of an act intentionally done with a wrongful purpose, a bad purpose, or with a design to injure another, or one committed out of mere wantonness or lawlessness.

6. In a prosecution of a husband for nonsupport, under G. L. 3536, a complaint which fails to allege that the refusal to provide, etc., was "wilful" is defective, and the defect is not cured by verdict.

7. In such case, the Supreme Court may permit the complaint to be amended without disturbing the verdict, since the rights of the respondent are not thereby invaded, for if he prevailed on a motion in arrest of judgment he is in no better situation than before the charge was preferred against him.

COMPLAINT under G. L. 3536 for nonsupport of respondent's wife. Plea, not guilty. Trial by jury in the Barre City Court, Washington County, *Elwin L. Scott*, City Judge. Verdict, guilty. Judgment on the verdict. The respondent excepted. The opinion states the case.

*Richard A. Hoar* for the respondent.

*Earle R. Davis*, State's Attorney, for the State.

SLACK, J. The respondent is charged with a violation of G. L. 3536, which provides that "A husband who shall, without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife in destitute circumstances," etc., "shall be imprisoned * * * or fined," etc.

The State called the respondent's wife as a witness. On cross-examination she was shown a written report from the di-

rector of the State laboratory, which indicated that the respondent had gonorrhea about May 20, 1919, and was asked whether she had ever seen it before. She said she had not. She was then asked, in substance, if she ever had trouble with her husband about giving him that disease, and answered, ''No.'' On redirect she was asked if the respondent had told her about his relations with other women. This was objected to by the respondent and excluded. Thereupon the prosecuting attorney stated, in substance: ''My contention is that if the respondent has gonorrhea, as he claims he has, and I do not doubt it, it could have laid dormant for the last four or five years.'' Further statement was interrupted by the respondent's objection to the examiner stating his contention in the presence of the jury, on the ground that it was immaterial, and an exception was allowed.

[1-3] What was said about respondent in fact having gonorrhea, if improper, was harmless, because he claimed that he had it and gave evidence to show that fact. What was said about the disease lying dormant was proper, in view of the cross-examination. If the respondent had that disease it was permissible for the State to show, if it could, that he did not contract it from his wife, and it was permissible, too, for the examiner to indicate to the court how he proposed to show that fact. This is all that was done. Moreover, the statement could not have harmed the respondent because the State later introduced evidence, without objection, to show the fact to be as stated.

[4] The respondent waived his exception to the overruling of his motion for a directed verdict, made at the close of the State's evidence, by proceeding with the trial. *Latremouille* v. *Bennington & Rutland Ry. Co.,* 63 Vt. 336, 22 Atl. 656.

At the close of all the evidence the respondent moved for a directed verdict on the ground that the State had failed to establish the essential elements of the offence charged. The motion was overruled, subject to the respondent's exception. It would serve no purpose to recite the tendency of the State's evidence, for it clearly made a case for the jury.

After the verdict and before judgment, the respondent moved in arrest of judgment, for that the complaint is fatally defective in not alleging that the refusal to provide, etc., was wilful. The allegation in the complaint is that the respondent ''did without just cause refuse to provide,'' etc.

The State contends that the word "wilfully" does not qualify the word "refuse" but applies to the word "neglect" only. We do not think this contention sound. Such certainly is not the grammatical, nor do we think it the reasonable, construction to be given this statute.

The State says that the word "refuse" implies wilfulness. This might well be, if the meaning of the word "wilfully" is to be treated as synonymous with "intentionally," or words of like meaning, as it sometimes is; but the word as here used has a broader meaning. Though given different definitions under different circumstances, it is said in *State* v. *Burlington Drug Company*, 84 Vt. 243, 252, 78 Atl. 882, that the word "wilful" cannot well mean less than intentionally *and by design*. And such has been held to be the meaning of the word "wilfully" as used in P. S. 5815 (G. L. 6925). *State* v. *Muzzy*, 87 Vt. 267, 88 Atl. 895.

[5] These words, "wilful" and "wilfully," when used with reference to violations of the criminal law mean something more than a voluntary act, and more, also, than an intentional act which is in fact wrongful. They include the idea of an act intentionally done with a wrongful purpose, a bad purpose, or with a design to injure another, or one committed out of mere wantonness or lawlessness. *Spurr* v. *United States*, 174 U. S. 728, 43 L. ed. 1150, 19 Sup. Ct. 812; *Potter* v. *United States*, 155 U. S. 438, 39 L. ed. 214, 15 Sup. Ct. 144; *Evans* v. *United States*, 153 U. S. 584, 38 L. ed. 830, 14 Sup. Ct. 934; *Felton* v. *United States*, 96 U. S. 699, 24 L. ed. 875; *State* v. *Muzzy*, 87 Vt. 267, 88 Atl. 895; *Commonwealth* v. *Kneeland*, 20 Pick. (Mass.) 220; 1 Bishop, Crim. Law, § 428.

[6] It is apparent that, given this meaning, the omission of the word "wilfully" would have been fatal on demurrer. Nor is it cured by verdict. The earlier authorities on this subject are collected and discussed by the late CHIEF JUDGE TAFT in an exhaustive opinion in *State* v. *Freeman*, 63 Vt. 496, 22 Atl. 621; and the later authorities, or many of them, are noticed in *State* v. *Eaton*, 92 Vt. 290, 102 Atl. 1025.

The rule deducible from these cases is tersely stated in *Baker* v. *Sherman & Miller*, 73 Vt. 26, 30, 50 Atl. 633, 635: "If the declaration omits to allege any fact essential to the right of action, and it is not implied in nor inferable from the finding of

those that are alleged, a verdict for the plaintiff does not cure the defect." The same rule obtains in criminal cases.

Applying this rule to the case before us, it is obvious that the defect complained of was not cured by verdict, because it cannot be implied or inferred from the finding that the respondent refused to provide, etc., that he "wilfully" refused to do so. "Wilfulness" is the gravamen of the offence under this statute, and failure to allege it is not cured by verdict. See *Pette's Admr.* v. *Old English Slate Quarry*, 90 Vt. 87, 96 Atl. 596, where it is held that failure to allege nonassumption of risk was a defect not cured by verdict.

It is not claimed, nor could it well be, that the words "did without just cause," as used in this statute, mean the same as wilfully. As here used these words evidently refer to the conduct of the wife, and not to a condition, physical or financial, of the husband, that would excuse or explain his conduct.

[7] The motion should have been granted, but this does not mean necessarily that the respondent will be discharged. Under our modern practice, if, on hearing, this Court discovers a defect not cured by the verdict and which can be corrected by amendment, it may, in a proper case, permit the amendment to be made without disturbing the verdict (*Chaffee* v. *Rutland R. Co.*, 71 Vt. 384, 45 Atl. 750), or it may set aside the verdict and order a new trial. *Posnett* v. *Marble*, 62 Vt. 481, 20 Atl. 813, 11 L. R. A. 162, 22 A. S. R. 126; *Pette's Admr.* v. *Old English Slate Quarry, supra; Rowley* v. *Shepardson*, 83 Vt. 167, 74 Atl. 1002, 138 A. S. R. 1078; *Baker* v. *Sherman*, 73 Vt. 26, 50 Atl. 633; *Dean* v. *Cass*, 73 Vt. 314, 50 Atl. 1085. While these are civil cases, they deal with a rule of practice that is alike applicable to criminal cases in instances where amendments are permissible. The rights of the respondent are not thereby invaded, for if he prevails on a motion in arrest of judgment he is in no better situation than before the charge was preferred against him. *People* v. *McKay*, 18 Johns. (N. Y.) 212; *People* v. *Casborus*, 13 Johns. (N. Y.) 351; *Commonwealth* v. *Gabor*, 209 Pa. 201, 58 Atl. 278; *State* v. *Carroll*, 82 Conn. 321, 73 Atl. 780; 16 C. J. 1265, § 2821.

The practice of correcting defects in informations and complaints by amendment in the trial court, when properly called to its attention, has much to commend it. Thus delay and unnecessary expense can often be obviated.

*Judgment reversed, and cause remanded, with leave to the State to apply for leave to amend its complaint within a reasonable time. If the State fails so to apply, let judgment on the verdict be arrested.*