## STATE *v.* GORDON RYEA.

### May Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, BUTLER, and SLACK, JJ.

Opinion filed October 5, 1923.

*Lewdness—Insufficient Information—Constitutional Right to Be Informed as to Nature of Accusation—Defective Information Not Aided by Verdict—Reversal for Amendment of Defective Information.*

1. An information which charged that respondent was and is a lewd, wanton and lascivious person in speech and behavior was insufficient to charge an offense under G. L. 7016, providing that a person guilty of open and gross lewdness and lascivious behavior shall be punished, as there is no penalty under the statute for being a person of that character, but the penalty is for acts constituting open and gross lewdness and lascivious behavior.

2. A person charged with a crime has the right guaranteed by the Constitution to demand the cause and nature of his accusation, which requires that the charge be set forth with such particularity as will reasonably indicate the exact offense with which he is charged, and an information which does not so charge an offense under the law of this State is fatally defective.

3. Where an information failed to charge any crime, it is not aided by the verdict.

4. Although a judgment on an information that did not allege any crime under the statute cannot be sustained, the information being amendable, under modern practice instead of arresting judgment the verdict may be set aside and a new trial ordered.

INFORMATION for lewdness and lascivious behavior. Plea, not guilty. Trial by jury in the city court of St. Albans, *Nathan N. Post*, Judge. Verdict and judgment of guilty. Motion to set aside verdict, and in arrest of judgment overruled. The respondent excepted. The opinion states the case. *Reversed and remanded.*

*C. G. Austin & Sons* for the respondent.

*M. H. Alexander,* State's attorney, for the State.

TAYLOR, J. [1] The information charges that the respondent on the first day of May, 1921, and thereafter until the 31st day of January, 1923, was and is a lewd, wanton and lascivious person in speech and behavior, contrary to the form of the statute, etc. There was a trial by jury on a plea of not guilty, resulting in a conviction. After verdict and before judgment the respondent filed a written motion to set the verdict aside and arrest judgment thereon. The court overruled the motion, rendered judgment on the verdict, and passed sentence, to which ruling the respondent excepted. The motion is treated as an ordinary motion in arrest and we so treat it.

The grounds of the motion are that the information does not charge any crime, that it is uncertain, insufficient and indefinite and that it does not legally inform the respondent of the cause and nature of the accusation against him. He objects that the information does not allege any *act* that would constitute the offense attempted to be charged.

The statute on which this prosecution is based provides: "A person guilty of open and gross lewdness and lascivious behavior shall be imprisoned not more than five years or fined not more than three hundred dollars." G. L. 7016. It does not define the crime with any particularity; but whether it creates a statutory offense, or merely fixes a penalty for the common law offense, it is unnecessary to consider. See *State* v. *Millard,* 18 Vt. 574, 46 A. D. 170. The information is insufficient to withstand the motion whichever it may be. It follows a form given by Mr. Bishop in his "Directions and Forms;" but as there pointed out it is applicable to a statutory offense, which is described in the complaint in the language of the statute, and is manifestly inapplicable to the crime denounced by our statute. The information merely charges that the respondent was a person of the character described therein, for which there is no penalty in this State. To subject one to the penalty under our statute acts constituting open and gross lewdness and lascivious behavior must have been committed.

[2, 3]   One charged with a crime has the right guaranteed by the Constitution to demand the cause and nature of his accusation, which requires that the charge be set forth with such particularity as will reasonably indicate the exact offense with which he is charged. *State* v. *Villa*, 92 Vt. 121, 102 Atl. 935. It is apparent on the face of the information that it is fatally defective. It charges no offense under the law of this State, even argumentatively. Under the earlier practice this would require that the motion in arrest should be sustained. *State* v. *Shadroui*, 89 Vt. 520, 96 Atl. 8. The information is not aided by the verdict; for, while in support of a verdict the Court will presume any fact to have been proved upon trial the existence of which must have been involved in, or was inferable from, the proof of those which were alleged and which the verdict has found, the pleading must contain terms sufficiently general to comprehend the presumed facts in fair and reasonable intendment or the defect will not be cured. *State* v. *Freeman*, 63 Vt. 496, 22 Atl. 621. Where no ground of complaint known to the law is set out, the information will not be aided by the verdict. *State* v. *Hodgson*, 66 Vt. 134, 144, 28 Atl. 1089. See *State* v. *Eaton*, 92 Vt. 290, 102 Atl. 1025; *State* v. *Palmer*, 94 Vt. 278, 110 Atl. 436.

[4]   It follows that the judgment cannot be sustained but it does not follow that it will necessarily be arrested. The information is amendable (*State* v. *Meacham*, 67 Vt. 707, 32 Atl. 494) and under the modern practice, if on hearing in this Court a defect which is amendable is discovered, instead of arresting judgment the verdict may be set aside and a new trial ordered. *State* v. *Palmer, supra.* We think that such should be the disposition of this case.

*Judgment reversed and cause remanded. The State may apply within a reasonable time for leave to amend the information, failing which let judgment on the verdict be arrested.*