STATE *v.* W. E. ROUILLARD.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 1, 1935.

*M. G. Leary* and *Guy M. Page* for the respondent.

*Lawrence C. Jones*, Attorney General, for the State.

SHERBURNE, J. This is a prosecution under the provisions of P. L. 8608, which reads in part as follows: "A person who wilfully administers or advises or causes to be administered anything to a woman pregnant or supposed by such person to be pregnant, or employs or causes to be employed any means with intent to procure the miscarriage of such woman * * * unless the same is necessary to preserve her life, shall" be punished in a certain manner. The respondent was arraigned and partly tried upon an information filed by the state's attorney, charging that the respondent "did * * * employ *or cause to be employed* certain means, to wit: by inserting *or causing to be inserted* a certain instrument or instruments," etc. Long after the case had been submitted and upon an occasion when the

jury had returned into court to hear certain testimony read, the State was granted leave to amend the information by striking out the above italicized words, and other words not necessary to mention, subject to respondent's exception. Thereupon the amended information was read and submitted to the jury in a supplemental charge. After about two hours the jury returned with a verdict of "Guilty." The respondent seasonably filed a motion to set the verdict aside and for a new trial and a motion in arrest of judgment. These motions were overruled subject to exception, and judgment was entered upon the verdict and sentence passed.

■ No question is made but that the original information was defective in both form and substance. It charged the commission of the offense in two different ways in alternative or disjunctive form. It did not reasonably indicate the exact offense so as to enable the respondent to make intelligent preparation for his defense, and was fatally defective both at common law and under ch. 1, art. 10 of our State Constitution. *State* v. *Villa,* 92 Vt. 121, 102 Atl. 935; *State* v. *Shadrowi,* 89 Vt. 520, 96 Atl. 8. See also *Ex parte Pain,* 15 Eng. Rul. Cas. 208, 5 Barn. & Cres. 251; *State* v. *Gary,* 36 N. H. 359; *People* v. *Hood,* 6 Cal. 236; *State* v. *Colwell,* 3 R. I. 284; *State* v. *O'Bannon,* 1 Bailey (S. C.) 144.

■ ■ Respondent's exception to the amendments raises the question of the right to amend the information in the respects named after the case had been submitted to the jury. The amendments are matters of substance not covered by our statutes of amendments, and must be authorized by the common law, if at all. This subject is discussed at length in *State* v. *White,* 64 Vt. 372, 24 Atl. 250, from which it appears that at common law an information may be amended at any time before trial, even to the striking out or the addition of new counts.

■ We find no authority at common law or under our practice that authorizes the amendment during trial of an information which does not reasonably indicate the exact offense so as to make it do so, against the objection that the amendment is out of time. In *State* v. *White, supra,* the court allowed the State to amend an information after the jury was sworn so as to set up a new date within the statutory period of limitations. No claim was made that the amendment was out of time, but only that the court had no power to make it. In *State* v. *Hub-*

*bard,* 71 Vt. 405, 45 Atl. 751, a blank date was allowed to be filled in with the day and month, but it does not appear if it was before or during trial. In *State* v. *Prouty,* 94 Vt. 359, 111 Atl. 559, a prosecution for a breach of the peace, the State was allowed to amend the information during trial to meet respondent's testimony. The amendment served only to insert another method of breaking the peace. After the amendment, as before, all of the acts alleged were connected, done at the same time, and constituted but one offense. No objection was made as to the time of making the amendment. By a special verdict the respondent was only found guilty of the offense as alleged in the original information. As to the necessity of a plea being entered to the amended information, or to the amendment, the Court said it was unnecessary to state, as the special verdict rendered that question immaterial. Our attention is called to *State* v. *Donovan,* 75 Vt. 308, 55 Atl. 611, where an amendment to an indictment for forgery was allowed after the evidence was closed, so as to set out the forged instrument correctly, but that amendment was permitted under V. S. 1912, now P. L. 2382.

We hold that the court was without power to permit the striking out of the italicized words, and that such attempted amendments are a nullity. It follows that the judgment cannot be sustained, but it will not be arrested, for the information is amendable upon remand of the case. *State* v. *Baker,* 100 Vt. 380, 386, 138 Atl. 736; *State* v. *Ryea,* 97 Vt. 219, 122 Atl. 422; *State* v. *Palmer,* 94 Vt. 278, 110 Atl. 436; *State* v. *Austin,* 72 Vt. 46, 47 Atl. 102.

*Judgment reversed and cause remanded, with leave to apply to amend the information, failing which let judgment on the verdict be arrested.*