STATE *v.* HORMIDAS GOSSELIN.

February Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 2, 1939.

*F. S. Bedard, Jr.,* State's Attorney, (*W. K. Sullivan* on the brief) for the State.

*P. C. Warner* for the respondent.

JEFFORDS, J. The complaint in this case contained two counts. The first attempted to charge a violation of § 5156 of the Pub-

lic Laws and the second charged careless and negligent operation of a motor vehicle causing death. There was a trial by jury in the Franklin municipal court and a verdict of guilty on the first count and not guilty on the second. A motion of the respondent to set aside the verdict and arrest judgment as to the first count was granted. Judgment was entered on the verdict on the second count. The State excepted to the granting of the motion as to the first count and to the entry of judgment on the second. The case comes here on exceptions by the State under P. L. 2425.

As before noted, the first count attempted to charge a violation of P. L. 5156, which reads as follows:

> "The operator of a motor vehicle who has caused or is involved in an accident resulting in injury to any person or property, other than the vehicle then under his control or its occupants, shall immediately stop and render such assistance as may be reasonably necessary, and shall give his name, residence, license number and the name of the owner of such motor vehicle to the party whose person or property is injured."

This count as far as material was as follows:

> "That Hormidas J. Gosselin * * * * was then and there involved in an accident and did fail to immediately stop and render such assistance as was reasonably necessary and did fail to give his name, residence, license number and name of the owner of the motor vehicle he was then and there operating to the person with whom his said car was involved in an accident, but on the contrary did not stop but did continue on in the operation of said motor vehicle," etc.

After verdict and before judgment the respondent filed his motion as to count 1 before mentioned. Although this motion was not brought into the printed case as it should have been, *State* v. *Wersebe*, 107 Vt. 529, 181 Atl. 299, it is referred to in the bill of exceptions, and the docket entries certified to the clerk of the general term and to which we may refer, *Brown* v. *Vermont Mutual Fire Ins. Co.*, 92 Vt. 272, 274, 102 Atl. 1042, show that an exception was granted the State to the granting of said

motion by the court and also to the entry of judgment on count 2.

There were several grounds to the motion made by the respondent but we need notice only those briefed by him, which were to the effect that the complaint failed to allege an offense under any statute of the State or under the common law, there being no allegation in the complaint that in the accident in which it was alleged the respondent was involved there was any damage to the property of another person or any injury to any person other than an occupant of the automobile which he was operating, or that the respondent injured any property other than the vehicle under his control, or what property or whose property he injured.

A complaint that fails to allege every fact necessary to constitute the offense charged, though that be statutory, is defective, and a proper way to reach the defect is by motion in arrest of judgment. *State* v. *Cocklin,* 109 Vt. 207, 194 Atl. 378; *State* v. *Wersebe, supra; State* v. *Caplan,* 100 Vt. 140, 135 Atl. 705; *State* v. *Ryea,* 97 Vt. 219, 122 Atl. 422; *State* v. *Palmer,* 94 Vt. 278, 110 Atl. 436.

Such complaint must set forth the charges with such particularity as will reasonably indicate the offense of which the respondent is accused, and enable him intelligently to prepare his defense, and successfully to plead the judgment if subsequently prosecuted for the same offense. *State* v. *Wersebe, supra,* and cases cited therein.

This right is guaranteed by the Constitution, *State* v. *Ryea, supra.*

It is apparent on the face of the complaint that count number 1 is defective. There is no allegation contained therein that the accident resulted in injury to any person or property, other than the vehicle under the control of the respondent or its occupants. This fact or facts were necessary to constitute the offense attempted to be charged. Without this allegation no offense under the law of this State was charged, even argumentatively.

Nor was this defect cured by the verdict because it cannot be implied or inferred from the finding that injury as defined by the statute resulted from the accident. *State* v. *Ryea, supra; State* v. *Palmer, supra.* The Legislature so indicated by its wording of the statute.

■ Where no ground of complaint known to the law is set out, the complaint, information or indictment will not be aided by verdict. *State* v. *Ryea, supra; State* v. *Hodgson,* 66 Vt. 134, 144, 28 Atl. 1089.

The other claimed errors briefed by the State relate to the admission or rejection of evidence.

Exceptions were taken to the admission of evidence from two witnesses as to what the respondent said about reporting the accident soon after it happened.

■ ■ If there were error in the reception of this evidence, which we do not now decide, it was harmless as the record is filled with similar evidence received without objection from other witnesses who so far as appears were of equal credibility. *State* v. *Orlandi,* 106 Vt. 165, 173, 170 Atl. 908. Moreover, this testimony bore only on the first count on which the jury returned a verdict of guilty, so for this reason the error, if any, was harmless.

The last claim of error has to do with the court's curtailment of the cross-examination of a witness by the State's attorney. Here again the line of questioning had to do only with the first count and in addition no abuse of discretion on the part of the court was or could be rightly claimed or shown.

Sec. 2425 of the Public Laws provides that this Court shall hear and determine the questions upon the exceptions of the State and render final judgment thereon, or remand the cause for further trial or other proceedings, as justice and the state of the cause may require. It is apparent that considerable latitude is given us by this statute in the way of disposition of the case.

■ The complaint as to count number 1 was defective and the defect was not cured by the verdict. But as the defect can be cured by amendment, *State* v. *Lansing,* 108 Vt. 218, 184 Atl. 692; *State* v. *Hubbard,* 71 Vt. 405, 45 Atl. 751, we have the right to remand so that an amendment may be allowed below and a new trial had. The rights of the respondent are not thereby invaded, for when he prevailed on his motion in arrest of judgment he was in no better situation than before the charge was preferred against him. *State* v. *Palmer, supra; Hill* v. *Nelms,* 122 Ga. 572, 50 S. E. 344; 16 C. J. 241, sec. 376; 16 C. J. 1265, sec. 2821.

■ As the evidence introduced in the case showed the elements of an offense under P. L. sec. 5156 the allowance of the

motion did not operate as an acquittal, but only placed the respondent in the same situation in which he was before the prosecution was begun. 15 Am. Jur. 102, sec. 441; 16 C. J. 1265, *supra.*

In other words, he has not been in jeopardy on this count for it was so defective in substance that it failed to state a public offense known to the law of this State. *State* v. *Empey,* 65 Utah, 609, 239 Pac. 25, 44 A. L. R. 558; *Roberts* v. *State,* 82 Neb. 651, 118 N. W. 574; *Shepler* v. *State,* 114 Ind. 194, 16 N. E. 521; 15 Am. Jur. 102, *supra;* 16 C. J. 241, *supra;* annotation, Ann. Cas., 1912A, 976. Moreover, as the judgment was arrested on motion of respondent he thereby waived any right to claim former jeopardy as a result of the trial on this count. *Hill* v. *Nelms, supra;* 15 Am. Jur. 89, sec. 427; annotation, Ann. Cas., 1912A, 976, *supra.*

It is apparent from the above that the respondent still can be prosecuted for a violation of P. L. sec. 5156 upon a proper complaint or information. A trial may be had on this complaint properly amended or upon a new complaint or information. *Roberts* v. *State, supra;* 16 C. J. 1265, sec. 2828; 15 Am. Jur. 102, sec. 441.

For some time it has been our practice when a defect in a complaint or information is discovered in this Court to remand the case with leave to amend instead of arresting the judgment in cases which have come here on respondents' exceptions to the lower courts' refusals to grant motions in arrest. *State* v. *Rouillard,* 107 Vt. 487, 180 Atl. 890; *State* v. *Baker,* 100 Vt. 380, 138 Atl. 736; *State* v. *Ryea, supra; State* v. *Palmer, supra.* We can think of no good reason why a similar procedure should not be adopted here.

In the complaint one count was good and one was bad. The valid can be separated from the defective as one charged and the other attempted to charge separate and distinct crimes, dependent upon different proof for their substantiation. The verdicts were special. We may, therefore, affirm as to one and remand as to the other. *State* v. *Van Ness,* 109 Vt. 392, 404, 199 Atl. 759; 17 C. J. 370, sec. 3757.

In our discussion we have treated the motion in question as if it were one in arrest of judgment and no more, as it was as far as the grounds of the same were concerned, for they all went to claimed defects appearing on the face of the complaint in regard

to count number 1. The State has not questioned below, nor here, the form of the motion nor made any point in regard to the action of the court in granting it in full and thereby setting aside the verdict as well as arresting judgment. In view of the result reached here it is not necessary for us to pass on either the form of the motion or the action of the court as above stated.

*As to count number 1, the judgment granting the motion in arrest is reversed pro forma, the motion is denied and cause remanded, with leave to apply on or before July 1, 1939, to amend the complaint, failing which let the judgment on the verdict be arrested. Judgment as to count number 2 is affirmed.*