[Crim. A. No. 1793.—June 6, 1941.]

THE PEOPLE, Respondent, v. SILAS NOWELL, Appellant.

Haight, Trippet & Syvertson for Appellant.

John F. Dockweiler, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

BISHOP, J.—One is guilty of reckless driving who drives a motor vehicle "upon a highway in wilful or wanton disregard for the safety of persons or property." Subdivision (a), section 505, Vehicle Code. The trial court's conclusion that the defendant was guilty of reckless driving we find to rest in the main on the fact that the defendant drove at a rate of speed varying from seventy-five to eighty-five miles per hour. Even so, we are of the opinion that the conclusion was warranted. While we recognize that one may be guilty of the offense of speeding and yet not be guilty of the crime of reckless driving, we are nevertheless of the opinion that mere speed may be so excessive as to afford proof of the elements necessary to make out the more serious crime of reckless driving.

 We have heretofore had occasion to determine the meaning of the words "wilful and wanton disregard for the safety of persons or property," as employed to define "reckless driving." (*People* v. *McNutt*, (1940) 40 Cal. App. (2d) (Supp.) 835 [105 Pac. (2d) 657].) We concluded, in the light of several cited cases: "On consideration of all these authorities we find no substantial difference between wilful misconduct [as used in section 403, Vehicle Code, our "guest statute"] and reckless driving, and conclude that they are in truth the same thing, so far as they are concerned with the state of mind of the driver whose conduct is in question, so that the decisions construing the term 'wilful misconduct' may be applied to the statutory provision prohibiting 'reckless driving.' "

We still adhere to this conclusion. There are, however, conflicting statements in the cases construing "wilful

misconduct,'' and we are required to choose between them. For one thing, it is declared in *Petersen* v. *Petersen,* (1937) 20 Cal. App. (2d) 680, 686 [67 Pac. (2d) 759]: ''Speed in itself and alone is not sufficient to establish willful misconduct.'' Then we repeatedly find statements in the cases which support this observation, in 2 Cal. Jur., Ten-Year Supp. 576: ''According to the authorities, a recovery is sustainable only where the evidence leads to the conclusion that the driver knew or ought to have known that injury 'probably' would result from his conduct or was 'likely' to be the consequence thereof.''

If either of these statements correctly expresses the principle governing our case, we would ''probably'' conclude that the trial court was not warranted in finding the defendant guilty of reckless driving. The evidence is not voluminous. An officer of a California Highway Patrol testified that about 7:45 p. m. on December 11, 1940, he pursued the defendant for 4.3 miles, during which chase the defendant drove at the rate of 75 to 80 miles an hour across intersections and passed nine cars, on a street not named in the complaint, and then on the street named (Slauson Avenue) he (the defendant) passed ''approximately 12 more cars at a rate of speed varying from 75 to 85 miles per hour.'' If speed in itself and alone may not establish wilful misconduct, then it may well be that the defendant was not proven guilty of reckless driving. If before it could be held that the defendant had driven recklessly it had to appear that he knew that his driving would probably or likely lead to disaster, then he was not guilty, for it was likely and still more probable that he could drive as he did and escape harm.

It is our opinion that neither of the two premises conditioning the last two sentences is tenable. If we wished to be pedantic we would note that speed is never ''in itself and alone''. Of necessity, when referring to the speed of an automobile, there is involved the highway on which it travels, with its width, surface and the presence or lack of traffic upon it. There is involved, too, the factor of visibility; was the car driven before or after dark? When considered in relation to these matters mere speed, without other acts, may demonstrate wilful misconduct or that the driving is reckless. The same court that uttered the words quoted from *Petersen* v. *Petersen, supra,* later, in *Fisher* v. *Zimmerman,* (1937)

23 Cal. App. (2d) 696 [73 Pac. (2d) 1243], had before it a case where a speed of eighty-five miles an hour was the only misconduct involved. The court noted, however, that the driving was at night (as it was in our case); the highway had soft shoulders (a circumstance of no consequence if the driver keeps on the roadway); and there was another car upon the highway. The court stated (pp. 701–702): "It is generally held that mere speed, of itself, does not constitute wilful misconduct. This may not always be true. There may be a point at which the speed becomes so excessive, the danger of injury to the passenger so probable, that such extreme speed alone might be held to be willful misconduct." The court continued its treatment of the subject by quoting from *Hall* v. *Mazzei*, (1936) 14 Cal. App. (2d) 48 [57 Pac. (2d) 948, 950]: " 'We do not wish to be understood as holding that mere speed may never constitute wilful misconduct if indulged in under certain conditions. Wilful misconduct, like negligence, must relate to the time, place, person and surrounding circumstances, and must be measured by them. Excessive speed under some circumstances may amount to negligence, under others to gross negligence, and under still others to wilful misconduct.' "

We turn to the use of the word "probable" as a part of the definition of wilful misconduct. "Webster's and the Century dictionaries," said the court in *Brown* v. *Beck*, (1923) 63 Cal. App. 686, 697 [220 Pac. 14], "define 'probable' as follows: 'Having more evidence for than against; supported by evidence which inclines the mind to belief but leaves some room for doubt; likely.' " "Likely," it appears, is the stronger word; the chances are a bit greater if a thing is likely than if it is merely probable. (Webster's New International Dictionary, Second Edition.) If, in order for a driver to be guilty of wilful misconduct he must have knowledge that his course of conduct will probably cause a catastrophe, then one may deliberately take a chance on an accident and yet not be said to drive recklessly, provided only that the odds are more than even that he will escape without a scratch. One may deliberately drive at a high rate of speed, on the left-hand side of the road, around a blind curve, and yet not be guilty of wilful misconduct, if the fact be that the chances are only two in five that another car will be encountered on the curve, provided the test depends only on the

driver's knowledge of what the probable or likely result will be.

Of course it is plain that a person who so drives that he knowingly runs the risk of a probable accident (we are not attempting a full definition) is guilty of wilful misconduct. But it does not follow that if he does not know that an accident is probable, that he is for that reason to be freed from the charge of reckless driving. A course of conduct constituting wilful misconduct, alternative to that of knowing the probable result to be a disastrous one, is recognized in a host of cases, and, in our opinion, must be taken into account adequately to define reckless driving. The two situations are expressed antithetically in *Howard* v. *Howard*, (1933) 132 Cal. App. 124, 129 [22 Pac. (2d) 279], with the emphasis that of the court: "Wilful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a *probable* (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its *possible* result." The words we have just quoted were deemed worthy of repetition in the following wilful misconduct cases: *Gibson* v. *Easley*, (1934) 138 Cal. App. 303, 307 [32 Pac. (2d) 983]; *Ceikin* v. *Goldman*, (1935) 5 Cal. App. (2d) 162, 164 [42 Pac. (2d) 719]; *Meek* v. *Fowler*, (1935) 3 Cal. (2d) 420, 426 [45 Pac. (2d) 194]; *Gimenez* v. *Rissen*, (1936) 12 Cal. App. (2d) 152, 158 [55 Pac. (2d) 292]; *Medberry* v. *Olcovich*, (1936) 15 Cal. App. (2d) 263, 268 [59 Pac. (2d) 551, 60 Pac. (2d) 281]; *Wright* v. *Sellers*, (1938) 25 Cal. App. (2d) 603, 608 [78 Pac. (2d) 209]; and their substance, without quotation marks appears in *Weir* v. *Lukes*, (1936) 13 Cal. App. (2d) 312, 314 [56 Pac. (2d) 987]; and in *Horn* v. *Volko*, (1936) 13 Cal. App. (2d) 582, 584 [57 Pac. (2d) 175].

A somewhat different expression of the same thought is quoted from a Massachusetts case in *Helme* v. *Great Western Milling Co.*, (1919) 43 Cal. App. 416, 421 [185 Pac. 510]: "The term 'serious and willful misconduct' is described by the supreme court of Massachusetts as being something 'much more than mere negligence, or even gross or culpable negligence', and as involving 'conduct of a *quasi* criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury, or with a wanton

and reckless disregard of its possible consequences.' '' This description in the alternative of wilful misconduct, quoted in *Helme* v. *Great Western Milling Co., supra,* was requoted in the following cases: *Hoffman* v. *Department of Indus. Relations,* (1930) 209 Cal. 383, 389 [287 Pac. 974, 68 A. L. R. 294]; *Parsons* v. *Fuller,* (1937) 8 Cal. (2d) 463, 468 [66 Pac. (2d) 430]; *Weber* v. *Pinyan,* (1937) 9 Cal. (2d) 226, 231 [70 Pac. (2d) 183, 112 A. L. R. 407]; *Lucas* v. *City of Los Angeles,* (1938) 10 Cal. (2d) 476, 485 [75 Pac. (2d) 599]; *Porter* v. *Hofman,* (1938) 12 Cal. (2d) 445, 448 [85 Pac. (2d) 447]; *Howard* v. *Howard, supra,* 132 Cal. App. 124, 128 [22 Pac. (2d) 279]; *Norton* v. *Puter,* (1934) 138 Cal. App. 253, 258–259 [32 Pac. (2d) 172]; *Manica* v. *Smith,* (1934) 138 Cal. App. 695, 698 [33 Pac. (2d) 418]; *Sanford* v. *Grady,* (1934) 1 Cal. App. (2d) 365, 371–372 [36 Pac. (2d) 652, 37 Pac. (2d) 475]; *Candini* v. *Hiatt,* (1935) 9 Cal. App. (2d) 679, 683 [50 Pac. (2d) 843].

We conclude, therefore, that one may be found guilty of reckless driving if he drives so as to show a wanton and reckless disregard of the possible consequences to persons or property of his manner of driving, even though it may not be a fact, and so he may not know, that the possible result of his driving will be to injure a person or property. We conclude, further, that the rate of speed at which a car is driven may of itself be so great that injury to persons and property is a distinct possibility, and that in this case the trial court was warranted in determining that a speed varying between seventy-five and eighty-five miles per hour did endanger persons and property. We conclude, still further, that while a different decision may be reached where the speed in question appeared to have been a burst, attained to overtake and pass a car (sixty miles per hour in *Hall* v. *Mazzei,* (1936) 14 Cal. App. (2d) 48 [57 Pac. (2d) 948]; seventy-three miles per hour in *McLeod* v. *Dutton,* (1936) 13 Cal. App. (2d) 545 [57 Pac. (2d) 189]), nevertheless, where, as in this case, a high rate of speed was attained and maintained, the trial court was justified in concluding that it was intentional, deliberate, and revealed that the driver pursued his course in a wanton and reckless disregard of the possible consequences.

Other points argued by the appellant have been considered and found to be without merit. The judgment of con-

viction and the order denying the defendant a new trial are affirmed.

Shaw, P. J., and Fox, J., *pro tem.*, concurred.

Appellant's petition for rehearing denied June 13, 1941.