STATE OF CONNECTICUT *v.* RANDALL STEVENS

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 940

Argued February 9 – decided May 8, 1981

*Mark H. Swerdloff,* for the appellant (defendant).

*John F. Cronan,* deputy assistant state's attorney, for the appellee (state).

DALY, J. The defendant was convicted by a jury of reckless driving in violation of General Statutes § 14-222 and reckless endangerment in the second degree in violation of General Statutes § 53a-64. He has appealed from the denial of his motion to set aside the verdict and for judgment of acquittal.

The defendant claims that there was insufficient evidence to support the jury's conclusion that he acted recklessly, as defined by the statutes involved. The jury could reasonably have found the following facts: The victim, Christine Chellstorp, a seventeen-year-old female, left her residence in Wethersfield at approximately 12:20 p.m. on the day of the incident. She was driving to her place of employment, the Dress Barn, which is a retail clothing store in Rocky Hill. Her father noticed a purple Pinto following her and alerted the Wethersfield police department. Christine Chellstorp became aware of the purple Pinto, which was driven by the defendant, and took a circuitous route along back roads in order to lose him. The

defendant persisted in tailing her, going through several stop signs in order to keep up with her, and at times following at only a half car length behind her. Finally, Chellstorp entered the Great Meadow Plaza, where the Dress Barn is located. She parked her car in a space opposite the Dress Barn. As she left her car, Chellstorp noticed the Pinto heading toward her. The defendant sped toward her and blew his horn, passing about four feet from her. Chellstorp testified that she felt a gust of wind as the Pinto passed. A short time later, the defendant was arrested in a parking lot across the street. Although he acknowledged that he had driven through the Great Meadow Plaza in order to see if a certain store was open, he denied the rest of Chellstorp's allegations. The assistant manager of the Dress Barn testified that she saw a purple car speed by the store as Chellstorp was crossing the parking lot.

Although the defendant has claimed several errors in his preliminary statement of issues, he has raised only one in his brief. Those issues not briefed on appeal will be considered abandoned. *Healy* v. *White,* 173 Conn. 438, 441, 378 A.2d 540 (1977). The defendant claims that the trial court erred in denying his motion to set aside the verdict and for judgment of acquittal; he argues that the evidence is insufficient to establish recklessness as defined under either the penal code or the motor vehicle laws.

General Statutes § 14-222 prohibits reckless driving and provides that "[t]he operation of a motor vehicle upon any . . . parking area for ten cars or more at such a rate of speed as to endanger the life of any person other than the operator of such motor vehicle . . . shall constitute a violation of the provisions of this section." The reckless indifference to the safety of others supplies the criminal intent necessary for conviction. *State* v. *Camera,* 132 Conn. 247, 251, 43 A.2d 664 (1945); *State* v. *Egidio,* 24 Conn. Sup. 108,

111, 1 Conn. Cir. Ct. 435 (1962); *State* v. *Mahalik,* 22 Conn. Sup. 400, 403, 1 Conn. Cir. Ct. 62 (1961). While speed alone is insufficient to warrant conviction, it may be taken into consideration with other circumstances to show a reckless disregard of consequences. *State* v. *Mahalik,* supra.

The penal code definition, General Statutes § 53a-3 (13), provides: "A person acts 'recklessly' with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." Reckless endangerment in the second degree involves recklessly engaging in conduct which creates a risk of physical injury to another person. "Subjective realization of a risk may be inferred from a person's words and conduct when viewed in the light of the surrounding circumstances." *State* v. *Ghiloni,* 35 Conn. Sup. 570, 573, 398 A.2d 1204 (1979).

In the present case there was evidence that the defendant was driving at a high rate of speed in a parking lot in which pedestrians were present; that the vehicle was traveling in the direction of the victim; and that while still traveling at a high speed, the defendant's vehicle passed within close proximity of the victim who was crossing the parking lot directly in the path of the defendant's oncoming car.

When reviewing the sufficiency of the evidence to sustain the verdict of a jury, this court must construe the evidence as favorably as possible with a view toward sustaining the verdict. *State* v. *Perez,* 182 Conn. 603, 606, 438 A.2d 1149 (1981). The issue is whether the jury could have reasonably concluded that the cumulative effect of all the facts it

could have found or inferred established the defendant's guilt beyond a reasonable doubt. Id., 607. In the present case there was sufficient evidence for the jury to have concluded that the defendant's conduct was reckless under both counts of the information.

There is no error.

In this opinion SHEA and BIELUCH, Js., concurred.