## State of Vermont v. Mark Stevens

[552 A.2d 410]

No. 87-150

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed August 12, 1988

*Theresa St. Helaire, Bennington County Deputy State's Attorney*, Bennington, for Plaintiff-Appellee.

*Stephen L. Saltonstall* of *Witten & Carter, P.C.*, Bennington, for Defendant-Appellant.

**Dooley, J.** Defendant appeals his conviction for driving to endanger, in violation of 23 V.S.A. § 1091(a). The only evidence of such a violation was the fact that defendant was driving at a speed of 103 miles per hour on Route 7 in Manchester, Vermont. Defendant argues that speed alone can never be sufficient to convict an operator of driving to endanger and, further, in this case there were factors that reduced the risks associated with high speed operation. We affirm.

The statute in question provides: "No person shall operate a motor vehicle on a public highway in a careless or negligent manner . . . or in any manner to endanger or jeopardize the safety, life or property of a person." 23 V.S.A. § 1091(a). The requisite level of culpability under the section is "ordinary negligence such as would impose civil liability and . . . to support a conviction . . . there is no necessity for the State to produce evidence tending to show criminal negligence . . . ." *State* v. *LaBonte,* 120 Vt. 465, 468-69, 144 A.2d 792, 794-95 (1958).[1] In *LaBonte,* this Court stressed that the predecessor statute to 23 V.S.A. § 1091(a) was not a reckless driving statute and did not even contain the word "reckless." *Id.* Thus, under § 1091(a), a conviction will be supported if defendant's conduct is unreasonable; it need not be proven reckless.[2]

---

[1] *State* v. *LaBonte,* while discussing the entire statute, dealt specifically with the clause prohibiting "careless or negligent" operation. While there is arguably a question whether the ordinary negligence standard applies to the entire statute—as *LaBonte* suggests—an examination of that question is not necessary in this case. The trial judge stated on the record that the applicable standard was that of ordinary negligence, to which there was no objection. More importantly, defense counsel affirmatively acknowledged and accepted that *LaBonte* stated the applicable standard for this case.

[2] This state's prohibition against reckless driving is found in 23 V.S.A. § 1091(b)—not charged in this case—which states, in pertinent part that:

The analysis of the statute in the *LaBonte* case provides the center of the answer to defendant's main legal argument. Defendant argues that speed alone can never be enough to convict an operator under a statute like Vermont's, citing a number of cases from other jurisdictions. See *Virgin Islands* v. *Caines,* 512 F.2d 311, 315 (3d Cir. 1975); *State* v. *Stevens,* 37 Conn. Supp. 661, 663, 433 A.2d 1022, 1023 (Conn. Super. Ct. 1981); *State* v. *Hanson,* 92 Idaho 665, 666, 448 P.2d 758, 759 (1968). The cases from other jurisdictions involve variations of reckless driving statutes where the conduct proscribed must be more egregious than that proscribed by an ordinary negligence standard. See *Caines,* 512 F.2d at 315; *Stevens,* 37 Conn. Supp. at 663, 433 A.2d at 1023; *Hanson,* 92 Idaho at 666, 448 P.2d at 759. Even if we were inclined to follow these precedents, it is one theory to say that very high speed alone cannot equal *recklessness;* it is quite another thing to say, as defendant argues here, that very high speed alone can never equal *negligence.*

Even if the precedents cited by appellant were not distinguishable, we are not persuaded by them. The stronger reasoning seems to be that adopted by the California courts in *Fisher* v. *Zimmerman,* 23 Cal. App. 2d 696, 73 P.2d 1243 (1937), and *People* v. *Nowell,* 45 Cal. App. 2d 811, 114 P.2d 81 (1941), and subsequently by the Wyoming Supreme Court in *Norfolk* v. *State,* 360 P.2d 605 (Wyo. 1961). In those cases, the courts recognized that while driving in excess of the speed limit alone may not, as a general rule, suffice to demonstrate driving to endanger, it is possible that "the rate of speed at which a car is driven may of itself be so great that injury to persons and property is a distinct possibility . . . ." *Nowell,* 45 Cal. App. 2d at 816, 114 P.2d at 84; see *Fisher,* 23 Cal. App. 2d at 701-02, 73 P.2d at 1246; *Norfolk,* 360 P.2d at 608. To hold otherwise suggests that traveling at the highest rates of speed imaginable can never be careless, negligent, or dangerous to life, limb, or property unless it is coupled with other conduct — such as, one might speculate, being involved in an accident.

■ Thus, we hold that where the rate of speed of a vehicle is so great that there is a reasonable likelihood of injury to persons or property, the trier of fact may find a violation of 23 V.S.A. §

---

No person shall operate a motor vehicle on a public highway in willful or wanton disregard for the safety of persons or property. A person who violates this section shall be guilty of reckless driving . . . .

1091(a). We believe that this construction is the most consistent with the statutory language as analyzed in *LaBonte*. It also provides an adequate deterrent against negligent operation of vehicles by those who can afford to pay the relatively inexpensive premium for such activity in terms of a lower fine and lower assessment of points associated with speeding violations as opposed to the more substantial penalties for driving to endanger violations.[3]

■ Defendant also argues that he could not be convicted of driving to endanger under the facts of this case, pointing out that he had experience driving at high speeds, that his BMW automobile was built to operate safely at high speeds and that road conditions at the time he was stopped were good with only light traffic. "The test for evaluating the sufficiency of the evidence produced at trial is 'whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt.' " *State* v. *Neale*, 145 Vt. 423, 428-29, 491 A.2d 1025, 1029 (1985) (quoting *State* v. *Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 150 (1981)). Certainly, the facts highlighted by defendant must be weighed in his favor in determining whether he was guilty of violating § 1091(a). We are not prepared to say, however. that these facts, particularly when they are viewed in the light most favorable to the State, would prevent the fact finder from

---

[3] Under the circumstances of the instant case, the maximum punishment — if viewed as a speeding violation — is a three point penalty, 23 V.S.A. § 2502(a)(1), and a fine equal to a five dollar surcharge plus three dollars for each mile per hour by which the speed limit was exceeded (limited to a fine of $100, see 23 V.S.A. § 2205(c)). The evidence was that defendant's conduct occurred on a section of United States Route 7, which should be considered a limited access roadway subject to interstate highway regulations. See 23 V.S.A. § 1004(a). Thus, a three point penalty applies under § 2502(a)(1)(H) irrespective of the extent to which the operator exceeds the speed limit. If interstate highway regulations were not involved, a six point penalty is possible when the operator exceeds the speed limit by 20 miles per hour or more. See 23 V.S.A. § 2502(a)(2)(A). There is still no effective deterrent for very high speed driving well above the 20 mile per hour addition.

A conviction for driving to endanger, however, is punishable by an accrual of ten points against the driver's license and, for the first offense, a fine not to exceed $300 or imprisonment for not more than three months or both, and, for the second offense, a fine not to exceed $500 or imprisonment for not more than six months or both. 23 V.S.A. §§ 2502(a)(3), 1091(a).

concluding that defendant drove to endanger. Accordingly, we must affirm the conviction.

*Affirmed.*

**Allen, C.J.,** dissenting. I cannot agree with the result or the holding. The only evidence to support the charge was the fact that defendant had been driving at a speed of 103 miles per hour on Route 7, south of Manchester, as measured by a state trooper using radar. There was no evidence of the presence or potential presence of people or animals on the road, of access roads or hills or curves on the highway, or of cars within radar range when the trooper stopped defendant; it was 1:00 p.m. on a "beautiful" day, and the road was dry. Even accepting the proposition that speed alone can constitute a violation of the offense charged, there was absolutely no evidence introduced at trial that defendant operated his vehicle "in any manner to endanger or jeopardize the safety, life or property of a person." 23 V.S.A. § 1091(a). A "reasonable likelihood" of such injury resulting from great speed does not equate with proof beyond a reasonable doubt.

That the fine might be inadequate or the assessment of points too low for the offense committed should not be concerns of this Court. These are issues to be addressed by the Legislature should it be so inclined.

I am authorized to say Associate Justice Gibson joins me in this dissent.