## State of Vermont v. John S. Parenteau, Jr.

[569 A.2d 477]

No. 89-041

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed November 9, 1989

124

*Jeffrey L. Amestoy*, Attorney General, and *David E. Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*McNamara, Fitzpatrick & McCormick*, Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his conviction after a court trial of operating a motor vehicle with willful disregard for the safety of another person in violation of 23 V.S.A. § 1091(b).[1] We affirm.

The trial court found that defendant, operating a sports car in excess of the speed limit on Interstate 89 in South Burlington, passed two other vehicles traveling abreast of each other, by using the breakdown lane, with his vehicle "fish-tailing" as it approached a narrowing stretch of road leading to a bridge. Defendant admitted that he had passed the two vehicles by

---

[1] 23 V.S.A. § 1091(b) states:

    (b) No person shall operate a motor vehicle on a public highway in willful or wanton disregard for the safety of persons or property. A person who violates this section shall be guilty of reckless driving and shall be punished upon a first conviction by a fine of not more than $1,000.00 or by imprisonment for not more than one year, or both; and upon a second conviction by a fine of not more than $3,000.00 or by imprisonment for not more than three years, or both.

using the breakdown lane, but testified that his maneuver was required by "concern for his safety" when the two vehicles effectively blocked both lanes of traffic.

On appeal, defendant contends that the governing statute is unconstitutionally vague and that in any case the trial court abused its discretion in finding that his conduct transgressed the statutory standard.

## I.

Key to defendant's first argument is the contention that the phrase "in willful . . . disregard" is undefined and constitutionally vague, failing to meet the test of *State v. Cantrell*, 151 Vt. 130, 133, 558 A.2d 639, 641 (1989), which provides:

> The doctrine of void-for-vagueness, generally stated, requires that penal statutes define a criminal offense with sufficient certainty so as to inform a person of ordinary intelligence of conduct which is proscribed, and such that arbitrary and discriminatory enforcement is not encouraged.

The issue in *Cantrell* was whether the Vermont statutes barring the practice of medicine without a license (26 V.S.A. §§ 1311 and 1314) were unconstitutionally vague on their face, since they could conceivably apply to conduct claiming protection under the First Amendment. We concluded that they were not vague as applied to defendant Cantrell, whose conduct did not implicate any specific First Amendment claim. Since the facts at bar do not even remotely suggest that defendant was asserting an expressive right by his conduct on the road, this case falls under the broader standard that " '[v]agueness challenges to statutes not involving First Amendment freedoms must be examined in light of the facts' presented," *State v. Purvis*, 146 Vt. 441, 443, 505 A.2d 1205, 1207 (1985) (quoting *State v. Roy*, 140 Vt. 219, 229, 436 A.2d 1090, 1095 (1981)).

We are satisfied that the phrase "willful . . . disregard for the safety of persons or property" is sufficiently clear to inform persons of reasonable intelligence just what the statute proscribes. We have previously held, albeit in the context of a different statute, that the word "willful" denotes "intention and that that means 'by design.'" *State v. Audette*, 128 Vt. 374, 379,

264 A.2d 786, 789 (1970) (lewd and lascivious conduct with child); see also *In re Dunham*, 144 Vt. 444, 448, 479 A.2d 144, 146 (1984) ("willful" element of murder statute denotes intent).[2]

Other states have consistently upheld statutes similar to ours in the face of vagueness challenges. In *State v. Earlenbaugh*, 18 Ohio St. 3d 19, 479 N.E.2d 846 (1985), the Ohio Supreme Court upheld a reckless driving statute based on "willful or wanton disregard of the safety of persons or property," stating:

> Such conduct implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse. . . .
>
> Indeed, we are hard-pressed to identify two related statutory terms which are as well-established, clear, and definite in meaning under our legal jurisprudence as the terms "willful" or "wanton."

*Id.* at 21–22, 479 N.E.2d at 849.

The nature of willful conduct at the wheel of a vehicle should be especially clear to the average driver, for whom knowledge of rules of the road is not only a legal necessity, but a requirement for survival. In the instant case, it was open to the trier of fact to conclude that traveling at high speed in the breakdown lane in order to overtake two cars abreast of each other on a two-lane highway was an act whose significance could not escape the performer. It well suits the description of "an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse." Id.

---

[2] Defendant relies on the definition of "willful" in the nonsupport case of *State v. Palmer*, 94 Vt. 278, 281, 110 A. 436, 438 (1920), which states:

> These words, "wilful" and "wilfully," when used with reference to violations of the criminal law mean something more than a voluntary act, and more, also, than an intentional act which is in fact wrongful. They include the idea of an act intentionally done with a wrongful purpose, a bad purpose, or with a design to injure another, or one committed out of mere wantonness or lawlessness.

Arguably, this definition of "willful" implies a standard of greater culpability than we are importing to it in the present case. But the definition has not persisted in our cases and has not been followed. Within the same year that this Court decided *Palmer*, it cited the definition as authority in another case involving the word "willful," commenting that the word "has been said by this Court to mean, at least, intentional and by design." *State v. Williams*, 94 Vt. 423, 430, 111 A. 701, 705 (1920).

■ We hold, in accord with the overwhelming body of authority elsewhere concerning similar laws, that 23 V.S.A. § 1091(b) is clear and definite and does not transgress the constitutional ban against vague enactments. See *Byrd v. State*, 390 So. 2d 697, 697 (Fla. 1980); *State v. Earlenbaugh*, 18 Ohio St. 3d at 22–23, 479 N.E.2d at 849; *White v. State*, 647 S.W.2d 751, 753 (Tex. Crim. App. 1983). See generally Annot., *Statute Prohibiting Reckless Driving: Definiteness and Certainty*, 52 A.L.R.4th 1161, 1170–72 (1987).

## II.

Defendant also argues that his conduct evinced no more mental culpability than the conduct taken as evidence of carelessness in *State v. Stevens*, 150 Vt. 251, 252–53, 552 A.2d 410, 411 (1988). In that case, the defendant had travelled 103 m.p.h., and we concluded that excessive speed alone was sufficient to trigger criminal liability under a less serious subdivision of the statute, 23 V.S.A. § 1091(a). We held that the requisite level of culpability under that section is "'ordinary negligence such as would impose civil liability'" and that the State need not produce evidence tending to show criminal negligence in order to support a conviction. Id. at 252, 552 A.2d at 411 (quoting *State v. LaBonte*, 120 Vt. 465, 468–69, 144 A.2d 792, 794–95 (1958)).

■ We took pains in *Stevens* to stress the very distinction that defendant in the present case disputes: the negligence-based standard of § 1091(a) versus the higher-culpability standard under § 1091(b). To the extent that defendant contends that his conduct on the road necessarily amounted only to mere negligence, we disagree, underscoring our earlier observation that on this record it was open to the trier of fact to conclude that defendant's maneuver was consciously and purposefully undertaken, thereby meeting the standard for willful conduct.

*Affirmed.*