[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This motion seeks to strike prayer for relief (c) from the Fifth Revised Complaint. The defendant's memorandum of April 27, CT Page 6162 1993, refers to the Revised Complaint of February 16, 1993. Since that complaint does not contain the specific allegations (paragraph 7(a) and (b) of the second count) which the plaintiff attacks, but the Fifth Revised Complaint does, it will be assumed that the plaintiff made incorrect reference to the February 16 complaint, but in fact intended to strike from the Fifth Revised Complaint.
Paragraph 7(a) and (b) constitute the only allegations of reckless conduct contained in the entire complaint since the plaintiff has omitted to incorporate the allegations of negligence found in the first count. Thus, they must stand or fall of their own weight.
Dealing first with 7(b), it is apparent that the plaintiff attempts to invoke the provisions of 14-227a. This statute makes it a crime to operate a motor vehicle (a) either "under the of intoxicating liquor or drug or both", or (b) "while the operator's ability to operate such a vehicle is impaired by the consumption of intoxicating liquor" (Emphasis supplied).
Paragraph 7(b) alleges that the operator's "faculties were impaired". Such an allegation does not bring the defendant's conduct within the proscriptive sweep of 14-227a because that statute requires operation while either (I.) under the influence or, (II.) while the ability is impaired. An allegation of impairment of faculties falls short of meeting either alternative.
This leaves paragraph 7(a) which alleges that the defendant drove his vehicle at twice the posted speed limit. As the defendant admits, speed alone is insufficient to constitute recklessness. State v. Stevens, 37 Conn. Sup. 661, 663 (1981). Consequently, this allegation standing alone is insufficient to constitute reckless conduct.
The motion to strike is granted.
MOTTOLESE, J. CT Page 6163